The PEOPLE of the State of Colorado,
Plaintiff–Appellant

v.

John Wesley DAVIS, Defendant–Appellee.

No. 08SA57.

Supreme Court of Colorado,
En Banc.

June 30, 2008.

Kenneth R. Buck, District Attorney, 19th Judicial District, C. Brent Kelly, Deputy District Attorney, Greeley, CO, Attorneys for Plaintiff–Appellant.

Douglas K. Wilson, Colorado State Public Defender, Karen Knickerbocker, Deputy State Public Defender, Greeley, CO, Attorneys for Defendant–Appellee.

Justice HOBBS delivered the Opinion of the Court.

The prosecution brought this interlocutory appeal, pursuant to C.A.R. 4.1, from an order of the Weld County District Court granting the motion of defendant John Wesley Davis to suppress statements he made to officers at the police station after receiving a *Miranda* warning. The trial court ruled that Davis voluntarily, knowingly, and intelligently waived his rights after receiving the *Miranda* warning. Nevertheless, the trial court suppressed those statements based on the warrantless arrest the police made of Davis in his home. The trial court found that, while the police had probable cause to arrest Davis in his home, they lacked exigent circumstances; consequently, the court suppressed

the statements Davis made at the police station as the fruits of an illegal warrantless arrest in his home.

The prosecution makes the following request for relief in its opening and reply briefs: "The People specifically request an Order from this Court reversing the trial court's suppression of the statements Mr. Davis made after *Miranda* at the police department." Although we agree with the prosecution that the suppression order must be reversed, our analysis relies on different grounds, and we do not address the exigent circumstances argument. We hold that *New York v. Harris*, 495 U.S. 14, 21, 110 S.Ct. 1640, 109 L.Ed.2d 13 (1990), is applicable to this case and we reverse the suppression order.

## I.

On August 31, 2007, K.H. contacted the Greeley Police Department to report that she had been sexually assaulted. Officers Eric Gliva and Heath Boyes investigated and proceeded with two other officers to Davis's apartment.

The police asked Davis if he would consent to a search of his apartment. After initially telling officers he would consent, and after an officer followed him inside his apartment while he reviewed a written consent form, Davis refused permission for the search.

The officers arrested Davis and transported him to the Greeley Police Department, where they placed him in an interrogation room, gave him a *Miranda* warning, and obtained his signature on a written form waiving his *Miranda* rights. While at the police station, Davis completed a sexual assault evidence kit.[1]

The prosecution charged Davis with one count of sexual assault, along with various other counts. Davis filed a pre-trial motion to suppress statements and physical evidence in the case, arguing that the police had illegally detained and arrested him in his home and had conducted an illegal custodial interrogation. He also contended that any waiver of his *Miranda* rights was involuntary.

After a suppression hearing, the trial court ruled that Davis's statements to the police were admissible up to the time that they placed him under arrest, but that the statements he made to the police at the police station must be suppressed as the fruit of an illegal warrantless arrest, despite a proper *Miranda* advisement and Davis's waiver of his rights. The trial court reasoned that the police had probable cause to arrest Davis when they proceeded to his apartment but lacked exigent circumstances to arrest him in his home without a warrant. The trial court entered the following order:

> And so I find that the defendant's arrest was illegal. I find that the things that then are suppressed are the defendant's statements at the police department, although, again, I do find that at that point he was properly Mirandized, and that he did knowingly, voluntarily and intelligently waive his rights. But again, based upon his illegal arrest that still results in the evidence being suppressed.

In this appeal, the prosecution asserts that the trial court order must be reversed, arguing that exigent circumstances existed at the time the police arrested Davis in his home. Davis contends that the trial court's finding that no exigent circumstances existed to justify a warrantless arrest supports the trial court's order suppressing the statements he made at the police station. In light of our decision, we do not reach the exigent circumstances question posed by the trial court's findings of fact and conclusions of law regarding this issue.

## II.

We hold that *New York v. Harris*, 495 U.S. 14, 21, 110 S.Ct. 1640, 109 L.Ed.2d 13 (1990), is applicable to this case and we reverse the suppression order.

### A. Standard of Review

In reviewing a suppression order, we defer to the trial court's findings of fact if they are supported by the record and review its legal conclusions de novo, taking into consideration the totality of the circumstances,

---

1. The admissibility of the sexual assault evidence kit is not at issue before us.

to determine whether the suppression order should be upheld or set aside. *People v. Pacheco,* 175 P.3d 91, 94 (Colo.2006). We inquire whether the court applied an erroneous legal standard or reached a conclusion of law that is inconsistent with or unsupported by the factual findings. *Id.*

The Fourth Amendment to the United States Constitution and its Colorado constitutional counterpart, article II, section 7, presume that searches and seizures inside a home without a warrant are presumptively unreasonable. *Payton v. New York,* 445 U.S. 573, 585–87, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); *People v. O'Hearn,* 931 P.2d 1168, 1172–73 (Colo.1997). Absent an exception to the warrant requirement, the threshold of the home may not be reasonably crossed without a warrant. *Payton,* 445 U.S. at 590, 100 S.Ct. 1371; *People v. Aarness,* 150 P.3d 1271, 1277 (Colo.2006); *People v. Crawford,* 891 P.2d 255, 258 (Colo.1995).

In *Harris,* upon reviewing its decision in *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), the United States Supreme Court refused to suppress statements that a person who had been arrested in his home without a warrant made to the police at the police station following a proper *Miranda* advisement. *Harris,* 495 U.S. at 20, 110 S.Ct. 1640. The Court reasoned that nothing in *Payton* suggested that an arrest in a home, made without a warrant but with probable cause, somehow renders unlawful continued custody of the suspect once he is removed from the house. *Id.* at 18, 110 S.Ct. 1640. The Court stated that the warrantless arrest in the home did not render the station house custody illegal. *Id.* at 19, 110 S.Ct. 1640. Stating that *Payton's* underlying purpose is to protect the home, the Court declined to extend application of the exclusionary rule to suppress statements made outside the home after a proper *Miranda* warning. *Id.* at 20–21, 110 S.Ct. 1640. The Court reaffirmed *Harris* in *Hudson v. Michigan,* 547 U.S. 586, 601, 126 S.Ct. 2159, 165 L.Ed.2d 56 (2006).

### B. Application to this Case

In the case before us, the trial court found that the police had probable cause to arrest Davis. The trial court also found that Davis's police station statements occurred after a proper *Miranda* advisement and a voluntary, knowing, and intelligent waiver of his rights. The record supports these findings. Nevertheless, the trial court believed that its finding that there were no exigent circumstances to justify the warrantless arrest required it to suppress Davis's station house statements. As *Harris* demonstrates, the trial court erred in making this conclusion.

In *People v. O'Hearn,* 931 P.2d 1168 (Colo. 1997), applying *Payton,* we discussed the Fourth Amendment and its Colorado constitutional counterpart, section 7 of article II, as providing equivalent protection in the home. *O'Hearn,* 931 P.2d at 1172–73; *accord Aarness,* 150 P.3d at 1275; *accord People v. Grazier,* 992 P.2d 1149, 1153 (Colo.2000); *accord People v. Schafer,* 946 P.2d 938, 942 (Colo.1997); Dale A. Oesterle & Richard B. Collins, *The Colorado State Constitution: A Reference Guide* 37–38 (2002) (discussing similarities between the Fourth Amendment and article II, section 7 of Colorado's constitution).

Following the *Harris* precedent, we agree that the exclusionary rule should not be applied to render Davis's police station statements inadmissible. The record supports the trial court's finding that Davis made those statements voluntarily, knowingly, and intelligently after waiving his *Miranda* rights. The record also supports the trial court's finding that the police had probable cause to arrest Davis. Probable cause for Davis's arrest existed based on K.H.'s statements and other evidence the police assembled, as set forth in the affidavit for search warrant of Davis's home that the police applied for and obtained. To the extent that our holding in *McCall v. People,* 623 P.2d 397, 403–04 (Colo.1981), decided prior to *Harris,* conflicts with our decision in this case, we overrule *McCall.*

### III.

Accordingly, we reverse the trial court's suppression order and return this case to it

for further proceedings consistent with this opinion.