**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Christopher A. BROWN, Defendant–Appellant.**

**No. 08CA2010.**

Colorado Court of Appeals, Div. IV.

April 15, 2010.

As Modified on Denial of Rehearing May 13, 2010.

John W. Suthers, Attorney General, Elizabeth Rohrbough, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Mary Bullard, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CONNELLY.

Defendant, Christopher A. Brown, was convicted after a jury trial of illegally possessing drugs and drug paraphernalia while in possession of a deadly weapon. Defendant's most significant appellate challenge is to the search of the trailer residence of his parolee brother. We hold that defendant— who himself was on the run from authorities and who knew he lacked the requisite permission to live with his parolee brother—had no reasonable expectation of privacy in this trailer. Accordingly, we reject defendant's Fourth Amendment challenge to the search and (after rejecting his remaining challenges) affirm the convictions.

## I. Background

The searched trailer was the residence of defendant's brother, who some months earlier had been paroled from prison. The trailer had three bedrooms, a living area, and a bathroom.

As a standard parole condition, the brother had consented to parole officers' searching his residence and any premises he controlled. Defendant knew (1) his brother was on parole, (2) the residence could be searched at any time, (3) the brother was required to have permission to live with others, and (4) the brother did not have permission for defendant to live there.

Defendant was himself a fugitive from justice who had absconded after revocation of his probation. He testified that he was "on the run" from authorities, that every few days he would "show up and sleep and change clothes" at the trailer, and that he

stored his "stuff" in a front bedroom that had a deadbolt lock to which he had the only key. The brother's girlfriend (who had permission to live with him) testified that defendant stored belongings in that bedroom, where he would "stay once in a while and then leave." She testified that defendant had stayed there the night before the search but "that was the only time for a while he [had] stayed there."

Defendant's brother allowed the parole and police officers inside when they arrived in the evening to conduct the search. The officers, who had seen activity inside the front bedroom, knocked on that door; defendant came out to the living area. Officers then began to search the room. At some point after officers had found glass pipes containing methamphetamine residue, defendant stated, "All that shit is mine." The officers also recovered a .45 caliber semiautomatic handgun from that front bedroom.

Meanwhile, the officers determined there was an arrest warrant out for defendant. He was arrested and ultimately charged with possessing drugs and the gun.

Defendant moved to suppress the evidence seized during search of the bedroom. The trial court, after an evidentiary hearing, denied the motion on several grounds: (1) that defendant lacked a reasonable expectation of privacy in the bedroom; (2) that the search was a lawful search of a parolee residence; (3) that the officers reasonably believed the bedroom was under the control of the parolee brother; and (4) that the search was proper incident to the arrest of defendant. The evidence was introduced at trial, and defendant was convicted.

## II.  The Fourth Amendment Challenge

■ Defendant argues the evidence should have been suppressed under the Fourth Amendment to the United States Constitution and article II, section 7 of the Colorado Constitution. He does not ask us to interpret the latter more broadly than the former, but instead relies on Fourth Amendment case law. We accept a trial court's factual findings if supported by the record, but we interpret the law de novo. *People v. Davis*, 187 P.3d 562, 563–64 (Colo.2008).

■ The officers indisputably were entitled to search the residence of defendant's parolee brother. Probationers have "significantly diminished" privacy expectations, *United States v. Knights*, 534 U.S. 112, 119–20, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001), and parolees have even less, "because parole is more akin to imprisonment than probation is to imprisonment." *Samson v. California*, 547 U.S. 843, 850, 126 S.Ct. 2193, 165 L.Ed.2d 250 (2006). The parole search therefore was proper even absent any suspicion that defendant's brother was engaged in wrongdoing. *Id.* at 857, 126 S.Ct. 2193; *see People v. McCullough*, 6 P.3d 774, 778–83 (Colo.2000) (upholding constitutionality of § 17–2–201(5)(f)(I)(D), C.R.S.2009, which allows suspicionless searches of parolee residences).

The less settled issue, not previously considered in Colorado, involves the extent to which third parties may have protected privacy interests in residences shared with parolees. Other courts have recognized that such parties may object to searches in areas of a residence not shared with or under the control of the parolee or probationer. *See, e.g., United States v. Davis*, 932 F.2d 752, 758–59 (9th Cir.1991); *State v. West*, 185 Wis.2d 68, 517 N.W.2d 482, 490–91 (1994); *State v. Johnson*, 748 P.2d 1069, 1073 (Utah 1987); *Milton v. State*, 879 P.2d 1031, 1035–36 (Alaska Ct.App.1994).

Such cases present difficult issues of whether the parolee had control over the searched area or, at the very least, whether parole officers reasonably believed the parolee had such control. Here, for example, there was suppression hearing testimony that, if credited, suggested defendant alone had control over the trailer's front bedroom.

We need not resolve whether the front bedroom was under defendant's exclusive control or, alternatively, whether the officers reasonably believed the brother had control over it. Instead, we conclude defendant had no *reasonable* expectation of privacy therein.

■ Formerly, "anyone legitimately on premises where a search occur[red] [could] challenge its legality by way of a motion to suppress." *Jones v. United States*, 362 U.S.

257, 267, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). But this broad language of *Jones* has been "expressly repudiated." *Minnesota v. Carter*, 525 U.S. 83, 90, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998). It now is settled that Fourth Amendment "standing" is limited to those having reasonable expectations of privacy in the place or items searched. *Rakas v. Illinois*, 439 U.S. 128, 143, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *People v. Gutierrez*, 222 P.3d 925, 932 (Colo.2009).

■ Defendant, as an occasional occupant of the front bedroom, has a prima facie claim to standing under *Minnesota v. Olson*, 495 U.S. 91, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990) (overnight houseguest has standing). Nonetheless, courts must resolve "Fourth Amendment standing in view of the totality of circumstances in a particular case." *People v. Jorlantin*, 196 P.3d 258, 262 n. 4 (Colo. 2008) (internal quotations omitted). Here, several factors show that any expectation of privacy defendant may have had was not "one that society is prepared to recognize as 'reasonable.'" *Katz v. United States*, 389 U.S. 347, 361, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (Harlan, J., concurring), *quoted in Gutierrez*, 222 P.3d at 932.

As a convicted felon admittedly "on the run" after his probation was revoked, defendant's privacy expectations were greatly diminished. Indeed, like a prison escapee, defendant was "a trespasser on society." *United States v. Roy*, 734 F.2d 108, 111 (2d Cir.1984). Federal courts have held that such escapees have greatly diminished privacy expectations in places otherwise subject to Fourth Amendment protection. *See, e.g., United States v. Ward*, 561 F.3d 414, 417–18 (5th Cir.2009) (motel room); *United States v. Lucas*, 499 F.3d 769, 777–79 (8th Cir.2007) (en banc) (apartment); *Roy*, 734 F.2d at 112 (automobile).

Defendant thus would have difficulty establishing standing even under the "legitimately on [the] premises" test of *Jones*, 362 U.S. at 267, 80 S.Ct. 725. Not only was he not openly living in free society in general, he admittedly knew he was not entitled to live with his brother in this particular residence.

Additionally, defendant's parolee brother, not defendant, was the trailer's principal res-

ident. At best, fully crediting the suppression hearing testimony of defendant and the brother's girlfriend, defendant was a transitory occupant of a parolee's residence.

The theory under which standing is granted to an overnight guest or occasional occupant presumes the principal resident "is willing to share his house and his privacy." *Olson*, 495 U.S. at 99, 110 S.Ct. 1684; *see Carter*, 525 U.S. at 108, 119 S.Ct. 469 (Ginsburg, J., dissenting) ("Through the host's invitation, the guest gains a reasonable expectation of privacy in the home.") (citing *Olson* ). But here, defendant's independent expectations of privacy were unreasonable, and the principal resident had no privacy to "share" with him. We accordingly hold that defendant's Fourth Amendment challenge fails for lack of standing.

### III. Remaining Challenges
#### A. Sufficiency of Trial Evidence

■ Defendant next contends the trial evidence was insufficient to prove he possessed the gun found in a latched box inside the front bedroom. We construe the evidence in the light most favorable to the prosecution to determine if a rational juror could have found guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *People v. Lehnert*, 163 P.3d 1111, 1115 (Colo.2007).

The evidence sufficed. Just before the gun was discovered, defendant was alone in the room, behind a bolted door. As officers were searching the room, he stated that "all that shit is mine." Though this statement was made before the gun was found, and defendant argued it referred only to the drugs, the meaning of the statement was a question of fact for the jury. There is no basis to second-guess its finding that defendant possessed the gun.

#### B. The *Miranda* Challenge

■ Defendant finally claims his statement should have been excluded under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). As he did not raise this claim in the trial court, we could decline to address it. *See People v. Allen*,

199 P.3d 33, 35 (Colo.App.2007)(citing *People v. Salyer*, 80 P.3d 831, 835 (Colo.App.2003)). In any event, the claim would fail. Because warnings are required only for custodial interrogation, *Miranda* provides no basis for excluding statements volunteered without interrogation. *See People v. Madrid*, 179 P.3d 1010, 1015 (Colo.2008).

## IV. Conclusion

The judgment of conviction is affirmed.

Judge WEBB and Judge TERRY concur.