**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

**v.**

**Alice BADOR a/k/a Alice Doolin, Defendant–Appellant.**

Nos. 95CA0272, 95CA0273.

Colorado Court of Appeals, Div. III.

May 30, 1996.

Rehearing Denied July 25, 1996.

Certiorari Denied Jan. 27, 1997.

Gale A. Norton, Attorney General, Raymond T. Slaughter, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, John D. Seidel, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge NEY.

In this consolidated appeal, defendant, Alice Bador, appeals the partially concurrent and partially consecutive probationary sentences imposed in two separate felony cases. Defendant's single argument on appeal in both cases is that the sentencing court lacked authority to impose two 90–day jail terms

consecutive to one another as conditions of two separate probationary sentences which were otherwise concurrent. We disagree and affirm both sentences.

Both of defendant's sentences were imposed by the same court. In defendant's first felony case, the court sentenced her to a four-year term of probation with 90 days of jail as a condition of that probation. In defendant's second felony case, the court imposed an eight-year term of probation with 90 days of jail as a condition of that probation. The court ordered that the two sentences to probation be served concurrently except that the two 90-day jail terms were to be served consecutive to one another.

■ Because a sentencing court's authority to impose a probationary sentence is derived purely from statute, the terms of probation are limited to those authorized by the General Assembly. *See People ex rel. Gallagher v. District Court*, 197 Colo. 481, 593 P.2d 1372 (1979).

In relevant part, the statute authorizing a jail term as a condition of a probationary sentence provides:

> In addition to imposing other conditions, the court has the power to commit the defendant to any jail operated by the county or the city and county in which the offense was committed during such time or for such intervals within the period of probation as the court determines. The aggregate length of any such commitment whether continuous or at designated intervals shall not exceed ninety days for a felony ... unless it is part of a work release program pursuant to section 16-11-212.

Section 16-11-202, C.R.S. (1995 Cum.Supp.).

■ Our interpretation of this statute is controlled by the following principles:

> A court's primary task in construing a statute is to ascertain and give effect to the intent of the legislature.... In order to discern legislative intent, we look first to the language of the statute itself. When the statutory language is clear and unambiguous, the statute must be interpreted as written without resort to interpretive rules and statutory construction.

*People v. Zapotocky*, 869 P.2d 1234, 1238 (Colo.1994).

■ Here, by its terms, § 16-11-202 imposes an aggregate limitation only on the jail term imposed in conjunction with a probationary sentence for a single "offense." Thus, we need not look beyond the plain meaning of the statute in order to determine that the 90-day aggregate jail term limitation of § 16-11-202 does not dictate the maximum total length of all jail terms which may result from imposition of multiple probationary sentences for different offenses.

Furthermore, under the circumstances here in which defendant is pleading to offenses in two separate cases, there is nothing in the language of the statute that would prevent the sentencing court from ordering that the two probationary sentences be served consecutive to one another (including the two 90-day jail terms). Of course, because the practical difficulties attendant to such fully consecutive sentences were undoubtedly evident to the sentencing court, the court structured the sentences in a more accommodating manner whereby defendant would be on probation for a total of only eight years and would also be able to serve her two jail terms in a single uninterrupted period.

Accordingly, we conclude that the sentences imposed by the sentencing court are in accordance with the plain meaning of § 16-11-202.

The sentences are affirmed.

PLANK and ROY, JJ., concur.