The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Roberto VALENZUELA, Defendant–Appellee.

No. 02CA2043.

Colorado Court of Appeals, Div. III.

July 29, 2004.

A. William Ritter, Jr., District Attorney, Evan W. Jones, Assistant District Attorney, Denver, Colorado, for Plaintiff–Appellant.

David S. Kaplan, Colorado State Public Defender, Pamela A. Dayton, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge GRAHAM.

The People appeal a trial court order removing defendant, Roberto Valenzuela, from sex offender intensified supervision probation (SOISP) and placing him on intensified supervision probation (ISP). We affirm.

Defendant, married and the father of five children, met the victim at a bar, bought her some drinks, and eventually persuaded her to ride in his car. The victim blacked out, and when she awoke, defendant was touching her breast and trying to kiss her. Defendant had forced intercourse with the victim. The victim ran for help, and when defendant was apprehended, some of the victim's personal belongings were found in his car.

In exchange for defendant's pleas of guilty to misdemeanor sexual assault and felony theft, the prosecution dismissed a felony sexual assault charge. In March 2002, defendant was sentenced concurrently to six months in county jail for sexual assault and to five years ISP for theft together with six months in jail. Even though the count for which defendant was given probation was not a sex offense, defendant was enrolled into SOISP because the felony charge to which he pleaded guilty had an underlying factual basis of unlawful sexual behavior, in accordance

with §§ 16–11.7–102(2)(a), 16–11.7–105(1), C.R.S.2003, and § 18–1.3–1007(1)(a)(V), C.R.S.2003 (formerly § 16–13–807).

In May 2002, defendant filed a motion requesting that the trial court remove a restriction from his probationary sentence, which barred him from having contact with his minor children, so that he could live at home with his family. Otherwise, he would have to maintain a separate residence. On July 2, 2002, the trial court granted defendant's motion and found that probation conditions prohibiting defendant's contact with his children were "utterly senseless, would provide the community with no meaningfully increased protection and would … decrease … the chances that … Defendant will be successful on probation." The trial court interpreted the relevant statutes to permit it discretion to modify the conditions of SOISP. The People did not appeal this order.

Two months later, the probation department filed a complaint for revocation, alleging that defendant failed to comply with the terms and conditions of probation set by the trial court because he was not currently participating in the sex offender treatment program. The department asserted that treatment providers were unable to treat defendant under Colorado Sex Offender Management Board Standards and Guidelines unless he had no contact with his five children. The complaint noted that two treatment agencies had refused to treat defendant because the court permitted him to reside at home, where he had contact with his children. Thus, the department recommended that defendant's probation be revoked because he was not meeting the terms and conditions of SOISP and requested that he be sentenced to the Department of Corrections (DOC).

Facing a conundrum not anticipated at the time of sentencing, on August 30, 2002, the trial court dismissed the revocation complaint and elected to remove defendant from SOISP and place him on ISP. The removal and placement provide the basis for the People's appeal.

## I. Sex Offender Probation

Recognizing that the majority of persons who commit sex crimes will continue to present a danger to the public unless they are incarcerated or supervised with treatment, the General Assembly promulgated the Colorado Sex Offender Lifetime Supervision Act of 1998(Act), which contains comprehensive measures for treatment and registration of sex offenders. The Act also created a Colorado Sex Offender Management Board (CSOMB) to oversee the treatment of sex offenders and to create guidelines and standards for treatment. *See generally* § 18–1.3–1001, et seq., C.R.S.2003. Among the CSOMB Standards and Guidelines is § 5.510B, which states, "Sex offenders shall have no contact, nor reside with children under the age of 18, including their own children, unless approved in advance and in writing by the supervising officer in consultation with the community supervision team."

When a sex offender is sentenced to probation, he must first be sentenced to SOISP. Section 18–1.3–1007, C.R.S.2003; *see* § 18–1.3–1007(1)(A)(V)(applies to third degree sexual assault). Further, when such a sentence is imposed, the offender is required to participate in a sex offender treatment program:

> If the court sentences a sex offender to probation, in addition to any conditions imposed pursuant to section 18–1.3–204, the court *shall* require as a condition of probation that the sex offender *participate until further order of the court* in the intensive supervision probation program created pursuant to section 18–1.3–1007.

Section 18–1.3–1008(1), C.R.S.2003 (emphasis added). The programs use licensed providers who must adhere to CSOMB Standards and Guidelines.

Trial courts have wide discretion to impose conditions of probation. Section 18–1.3–104(1)(a), C.R.S.2003 (formerly § 16–11–101(1)(a))("The granting or denial of probation and the conditions of probation shall not be subject to appellate review unless probation is granted contrary to the provisions of this title."); *People v. Fleming,* 3 P.3d 449, 451 (Colo.App.1999).

And the "defendant [must] comply with any court orders regarding the treatment of sex offenders." Section 18–1.3–204(1), C.R.S.2003.

In determining whether to discharge a sex offender from probation pursuant to this

section, the court shall consider the recommendations of the sex offender's probation officer and treatment provider. The recommendations of the probation officer and the treatment provider shall be based on the criteria established by the management board pursuant to section 18–1.3–1009. If the court chooses not to follow the recommendations made, the court shall make findings on the record in support of its decision.

Section 18–1.3–1008(3)(a), C.R.S.2003.

Further, "[f]or good cause shown and after notice to the defendant, the district attorney, and the probation officer, and after a hearing if the defendant or the district attorney requests it, the judge may reduce or increase the term of probation or alter the conditions or impose new conditions." Section 18–1.3–204(4), C.R.S.2003 (formerly § 16–11–204(4)).

## II. Decision to Remove Conditions from SOISP

We first reject the People's argument that the relevant sentencing statutes prohibit a sentencing court from imposing SOISP unless all the CSOMB Standards and Guidelines are followed and made conditions of the treatment program. This issue is not raised by the August 30, 2002, trial court order, and we need not address it here.

On July 2, 2002, the trial court modified the conditions of defendant's SOISP to allow him to have contact with his children. As noted by the trial court at the August 30, 2002, revocation hearing:

[I]n my July 2nd, 2002 order, which nobody appealed, I ordered this [no contact with defendant's minor children] is not a condition of his probation. The question is how do we proceed from that point on. Not whether we should reconsider that order.

The People responded that they were not asking for reconsideration of the July order.

Therefore, whether the court has discretion to suspend the no contact provision of CSOMB guidelines as part of the conditions of SOISP probation is a question we will leave for another day.

## III. Trial Court Discretion

The People contend that the trial court abused its discretion when it removed defendant from SOISP and placed him on ISP. We are not persuaded.

■ We are called upon to interpret certain statutory provisions applicable to the sentencing of sex offenders. The interpretation of a statute is a question of law that is subject to de novo review. *Hendricks v. People*, 10 P.3d 1231 (Colo.2000); *Dunlap v. Colo. Springs Cablevision, Inc.*, 855 P.2d 6 (Colo.App.1992).

■ In construing a statute, we give effect to the intent of the General Assembly whenever possible. *Copeland v. People*, 2 P.3d 1283 (Colo.2000). The words and phrases used are to be read in context and accorded their plain meaning. *Vega v. People*, 893 P.2d 107 (Colo.1995).

Section 18–1.3–1007 establishes the SOISP program. The SOISP program may include, but is not limited to, severely restricted activities, monitored curfew, home visitation, and employment visitation and monitoring. "[T]he intensive supervision probation program shall be designed to minimize the risk to the public to the greatest extent possible." Section 18–1.3–1007(2), C.R.S.2003.

When a sex offender is sentenced to SOISP, he shall participate in the program "until further order of the court." Section 18–1.3–1008(1). A court is permitted to release a sex offender from SOISP, and in doing so, the court must consider recommendations made by the probation department. If the court chooses not to follow the recommendations, it must make findings to support its decision. Section 18–1.3–1008(3)(a).

■ We conclude that these statutes allow the court to exercise its discretion in determining whether and on what conditions a sex offender may be released from SOISP, so long as it takes steps to minimize risk to the public.

Here, the trial court concluded that defendant would not pose a threat to the public if he were allowed to live at home with the support of his family. Indeed, the trial court earlier found that defendant was not likely to

do well on probation without the support of his family. This support necessarily required removal of the restriction against defendant having contact with his minor children. Further, rather than release defendant from supervision, the court continued to impose ISP to protect the public and minimize risk.

Ordinarily, a defendant who is sentenced to SOISP must begin treatment, even though a court may later remove the offender, under certain circumstances, prior to the actual completion of the program. Here, defendant never commenced treatment because the probation department refused to accept the conditions imposed by the trial court. The court recognized that allowing contact with defendant's children did not bear a sufficient relationship to defendant's crime so as to constitute a risk to the public, while barring such contact would insulate defendant from family care and support. *See People v. Manzanares*, 85 P.3d 604 (Colo.App.2003).

We cannot discern under these circumstances that the decision to remove defendant from SOISP and place him in ISP amounted to an abuse of discretion, particularly in light of the department's refusal to honor the court order and to treat defendant even while he maintained contact with his children. This inflexible position left the court with no choices other than to accept the department's recommendation for incarceration in the DOC—a result not warranted in light of the court's original sentence—or to convert defendant's supervision to ISP. The department was therefore estopped from complaining that defendant had violated his SOISP simply because he complied with a valid court order.

In their reply brief, the People argue that a court may remove a defendant from SOISP only when he has substantially completed treatment. We find nothing in the statutory scheme requiring degrees of completion as a precondition to removal from SOISP where a defendant continues to be subject to ISP. Indeed, the statute's provision that a sex offender shall be enrolled in SOISP "until further order of the court" is

not modified by any requirement of completion, satisfactory or otherwise. *See* § 18–1.3–1008(1).

We therefore conclude the trial court determined that the public is adequately protected by defendant's ISP, and it was not error to remove defendant from SOISP when the probation department refused to allow the commencement of treatment.

The order is affirmed.

Judge STERNBERG * concurs.

Judge DAILEY dissents.

Judge DAILEY dissenting.

I agree with nearly everything in the majority opinion. My point of disagreement lies in the ultimate disposition of the case. I would reinstate defendant in SOISP and require him to participate in the program. But I would also require the People and the department to obey the trial court's order modifying terms of probation or face sanctions for contempt of court.