**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Aaron Samuel TRUJILLO,**
**Defendant–Appellant.**

**No. 09CA1892.**

Colorado Court of Appeals,
Div. VII.

Nov. 10, 2010.

John W. Suthers, Attorney General, Susan E. Friedman, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Law Offices of Kevin C. Flesch, LLC, Kevin C. Flesch, Englewood, Colorado, for Defendant–Appellant.

Opinion by Judge RICHMAN.

Defendant, Aaron Samuel Trujillo, appeals the order revoking his probation and sentence of indeterminate Sex Offender Intensive Supervision (SOISP), and consequent imposition of an indeterminate sentence of incarceration of a minimum of seven years to life in the Department of Corrections (DOC). He argues that the court lacked jurisdiction to revoke SOISP because he had not yet begun to serve that sentence at the time he committed the alleged violations. We disagree with his position and affirm the order and the sentence.

## I. Procedural History

Defendant pleaded guilty to incest. In March 2005, after a series of probation revocation proceedings that are not relevant to this appeal, he pleaded guilty to a probation revocation complaint in exchange for a stipulated sentence to SOISP for an indeterminate term of ten years to life. *See* § 18–1.3–1007(2), C.R.S.2010 (requiring that sex offenders receive the highest level of supervision that is provided to probationers). The parties further stipulated that defendant's probationary sentence would "run consecutive to his Department of Corrections sentence in Weld County case number 01 CR407, but concurrent with his parole in Weld County case number 01 CR407." The

record reflects that defendant had been sentenced to serve six years in Weld County case number 01 CR407 followed by a period of mandatory parole.

Consistent with the parties' stipulation, on March 3, 2005, the court sentenced defendant to SOISP for an indeterminate sentence of ten years to life and ordered that the sentence be served "[c]onsecutive as to actual period of incarceration on 01 CR407 Weld County, then concurrent as to balance of sentence Weld Cty. 01 CR407 after release from incarceration."

On July 16, 2008, defendant was paroled in case 01 CR407. On July 22, 2008, he signed the SOISP conditions for this case.

In April 2009, defendant's probation officer filed a revocation complaint alleging that defendant had violated the conditions of probation in September 2008 (while he was on parole and living in the community), and again in April 2009 (while he was still on parole in case 01 CR407 but was living in a community corrections facility pursuant to an increased level of parole supervision that his parole officer had implemented in response to the misconduct in September 2008).

Defendant filed a motion to dismiss the revocation complaint. As grounds, he argued that he had not yet begun to serve his SOISP sentence at the time of the alleged violations because he was on parole in case 01 CR407, and thus was still in the custody of the DOC. The trial court denied the motion, reasoning that it had authority to impose a SOISP sentence that was consecutive to the incarceration component of defendant's other sentence and concurrent with the parole term in that case.

After denying defendant's motion, the court found that the prosecution had proved that defendant violated the conditions of SOISP, revoked probation, and resentenced him to the custody of the DOC for an indeterminate term of seven years to life.

Defendant filed this appeal, arguing only that the court lacked jurisdiction to revoke his probation because it had not yet commenced while he was on parole.

## II. Imposition of a Probationary Sentence Consecutive to the Incarceration Component of a Separate Sentence

 Before addressing the court's jurisdiction to revoke defendant's SOISP, we consider the validity of the court's March 2005 order requiring that defendant serve his SOISP sentence consecutively to the incarceration component of the sentence imposed in case 01 CR407. The first question we must answer is whether a trial court has statutory authority to order that a sentence to probation be served consecutively to another sentence. If so, can the court also direct that the sentence to probation will commence after completion of the period of incarceration on the first sentence? We conclude such sentencing orders are permissible.

 In general, "[a] sentencing court has the discretion to impose a sentence to be served consecutively to a sentence already imposed." *People v. Pasillas–Sanchez*, 214 P.3d 520, 530 (Colo.App.2009). However, "[a]s a sentencing alternative, probation is a creature of statute and its terms must be derived from statute." *Chism v. People*, 80 P.3d 293, 294 (Colo.2003).

The statute authorizing probationary sentences contains the following provision:

> If the court chooses to grant the defendant probation, *the order placing the defendant on probation shall take effect upon entry* and, if any appeal is brought, shall remain in effect pending review by an appellate court unless the court grants a stay of probation pursuant to section 16–4–201, C.R.S.

§ 18–1.3–202(1), C.R.S.2010 (emphasis added).

The presence of the above-emphasized language in the statute authorizing probationary sentences raises two issues. First, does this probation statute of general application govern SOISP sentences? Second, if so, does the above-emphasized language constitute a legislative prohibition against ordering that a probationary sentence be deferred to commence at a later time and be served consecutively to a sentence in another case?

Statutory interpretation is a question of law that we review de novo. *Klinger v.*

*Adams County Sch. Dist. No. 50*, 130 P.3d 1027, 1031 (Colo.2006).

Our task in construing a statute is to ascertain and give effect to the intent of the General Assembly. To determine that intent, we look first to the plain and ordinary meaning of the statutory language. *See People v. Dist. Court*, 713 P.2d 918, 921 (Colo. 1986).

"When construing a statute we look to the statutory design as a whole, giving effect to the language of each provision and section, harmonizing apparent conflicts, if possible." *Univ. of Colorado v. Booth*, 78 P.3d 1098, 1101 (Colo.2003). A court "should reject interpretations that cause parts of a statute to be superfluous, and should attempt to harmonize any potentially conflicting provisions." *In re Regan*, 151 P.3d 1281, 1290–91 (Colo.2007).

■ We conclude section 18–1.3–202, C.R.S.2010, applies to SOISP sentences except where the language conflicts with more specific provisions contained in the statutes governing SOISP sentences. *Compare* § 18–1.3–202(1) (vesting trial courts with discretion to determine the length of probationary sentences in felony cases), *with* § 18–1.3–1004(2)(a), C.R.S.2010 (specifying minimum terms for indeterminate sentences to SOISP, including, as relevant here, probationary sentences of ten years to life for persons convicted of class four felony sex offenses). This interpretation harmonizes section 18–1.3–202 with the SOISP statutes in a manner that is consistent with the General Assembly's clear intent to have the substantive and procedural aspects of SOISP sentences be controlled by the general probation statutes. *See, e.g.,* § 18–1.3–1008(1), C.R.S.2010 (directing that SOISP conditions be "in addition to conditions imposed pursuant to section 18–1.3–204"); § 18–1.3–1010(2)(a), C.R.S.2010 (adopting, for SOISP sentences, the arrest and probation revocation procedures of sections 16–11–205 and 16–11–206, C.R.S.2010).

As to the second issue, we conclude the above-emphasized language in section 18–1.3–202(1) does not preclude deferring commencement of a probationary sentence. It was added in 1994 for the limited purpose of preventing a defendant who is sentenced to probation, *and who is immediately placed on probation*, from escaping supervision during the pendency of a direct appeal. In *People v. Taylor*, 876 P.2d 130, 132 (Colo.App.1994), a division of this court held that the trial court lacked jurisdiction to revoke the defendant's probation pending appeal because the probation order was automatically stayed under C.A.R. 8.1(a)(4) when the notice of appeal was filed. But, the division noted, this situation had been changed by the recent amendment to section 16–11–202 (now codified as section 18–1.3–202) to state that an order of probation is effective immediately upon entry of judgment of conviction and may be stayed only upon motion of the defendant in the discretion of the trial court. *See also* ch. 27, sec. 1, § 16–11–202, 1994 Colo. Sess. Laws 97.

However, under the plain language of section 18–1.3–202, only an order *placing* a defendant on probation takes effect upon entry. Similarly, under the current version of C.A. R. 8.1(a)(4), an order "placing the defendant on probation" remains in effect pending appellate review. "Placing" the defendant on probation means to put the defendant into that "particular state or condition." *Webster's Third New International Dictionary* 1727 (2002). Nothing in these provisions prevents a court from exercising its traditional discretionary authority to impose a consecutive sentence, because such an order effectively defers the date that the defendant commences the term of probation. *Cf. People v. Bador*, 931 P.2d 486, 487 (Colo.App. 1996) (observing, "there is nothing in the language of the statute [former section 16–11–202] that would prevent the sentencing court from ordering that the two probationary sentences be served consecutive[ly] to one another," although not discussing the "take effect" language inserted by the 1994 amendment to the statute).

Turning to the narrower question at hand, we see no meaningful distinction between an order for a probationary sentence to be served consecutively to the entirety of another sentence, and an order for a probationary sentence to be served consecutively to the incarceration component of another sentence. Neither the general probation statutes nor

the SOISP statutes prohibit such sentencing orders, and the indefiniteness of the date when such a probationary sentence will commence is no greater than where a court orders that a probationary sentence be served consecutively to the entirety of another sentence. In both scenarios, the date that the probationary sentence begins to run will depend on factors such as the amount of time credits the defendant earns in prison and the date that parole is granted.

Moreover, such a sentencing order avoids practical difficulties that would arise from having a probation officer supervise a defendant who is still in prison, as would have been the case here if the court's ability to impose a concurrent probationary sentence had been limited to ordering that it be served concurrently with the entirety of the other sentence. It also allows a court to coordinate the two sentences in a manner that does not needlessly subject the defendant to consecutive periods of parole and probation, as would have been the case here if the court's ability to impose a consecutive probationary sentence had been limited to ordering that it be served consecutively to the entirety of the other sentence. *Cf. Bador*, 931 P.2d at 487 ("because the practical difficulties attendant to ... fully consecutive [probationary] sentences were undoubtedly evident to the sentencing court, the court structured the sentences in a more accommodating manner").

Finally, such a sentencing order can serve an important rehabilitative objective, as explained by the trial court:

> [T]he court always sentences consecutive to begin upon release from actual incarceration. That way there is no doubt that there is supervision immediately upon release from incarceration as opposed to what the [c]ourt, early on, found was sometimes a confusing matter as to whether parole is supervising or SOISP was supervising.

Accordingly, we conclude the trial court had authority to direct that defendant's SOISP would commence consecutively to the end of his period of incarceration on the other conviction.

## III. Enforcement of the Plea Agreement

■ Defendant argues that the court was without jurisdiction to revoke his probation because, as a parolee, he was still serving a DOC sentence at the time he allegedly violated the conditions of his SOISP. In support of this assertion, defendant characterizes his claim as one involving an interpretation of the sentencing provision that requires mandatory parole periods, § 18–1.3–401(1)(a)(V)(C), C.R.S.2010, and he relies on the holdings of cases that have analyzed mandatory parole in other contexts. *See, e.g., Craig v. People*, 986 P.2d 951, 959 (Colo. 1999) ("mandatory parole is a statutorily prescribed sentence component that attaches automatically to any sentence involving imprisonment"); *People v. Garcia*, 64 P.3d 857, 861 (Colo.App.2002) (mandatory parolees are in the custody or confinement of the DOC for purposes of application of the escape statute). In addition, defendant points to two statutes that speak to the custodial status of parolees: section 17–2–207(3), C.R.S.2010 ("[o]ffenders on parole shall remain under legal custody"), and section 17–22.5–203(2), C.R.S.2010 ("[p]arole shall not be construed in any sense to operate as a discharge of any inmate paroled under the provisions of law but simply a permit to any such inmate to go outside a correctional facility").

Contrary to defendant's suggestion, his claim does not require us to interpret the foregoing statutory provisions because the determination of when his SOISP commenced is not dependent on ascertaining the date that he finished (or would have finished) serving his other sentence as a matter of law. Rather, we must interpret the parties' plea agreement because the determination of when defendant's SOISP sentence began turns on the parties' stipulation that this sentence would "run consecutive to his Department of Corrections sentence in Weld County case number 01 CR407, but concurrent with his parole in Weld County case number 01 CR407."

■ "Interpreting the meaning of a plea agreement is strictly a question of law." *St. James v. People*, 948 P.2d 1028, 1030 (Colo. 1997).

Here, it is clear the parties agreed that defendant's SOISP would begin to run when he was paroled on his sentence in Weld County case number 01 CR407. In light of this specificity, the accompanying provision of the plea agreement indicating that the SOISP would be consecutive to defendant's "Department of Corrections sentence in Weld County case number 01 CR407" can only be understood as referring to the incarceration component of that sentence, and not, as defendant now contends, as also encompassing the mandatory parole period. *See Craig*, 986 P.2d at 962 (reference to "D.O.C." in sentence agreement clearly constitutes a reference to the term of confinement, not including the mandatory parole period). Indeed, this is how the court understood the stipulation when it prepared the mittimus, and it is also how defendant understood the stipulation when, upon being paroled, he signed the SOISP conditions on July 22, 2008. Accordingly, we conclude defendant's SOISP sentence commenced to run when he was paroled, and that it was subject to revocation based on the violations he committed while it was in effect.

The order and the sentence are affirmed.

Judge LOEB and Judge RUSSEL concur.