The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Matthew GRAVINA, Defendant–
Appellant.

No. 11CA2103

Colorado Court of Appeals,
Div. I.

Announced February 28, 2013

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2012.

Grand County District Court, No. 09CR123, Honorable Mary C. Hoak, Judge

John W. Suthers, Attorney General, Michael D. McMaster, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

The Law Office of Peter D. Menges, P.C., Peter D. Menges, Denver, Colorado, for Defendant–Appellant

Opinion by JUDGE GRAHAM

¶ 1 Defendant, Matthew Gravina, appeals the trial court's judgment revoking his deferred judgment and sentence, entering a judgment of conviction, and sentencing him for the crime of sexual exploitation of a minor. We affirm.

## I. Background

¶ 2 In December 2010, defendant pled guilty to sexual exploitation of a child, a class six felony, for possessing nude photographs of his seventeen-year-old girlfriend. Pursuant to the plea agreement, the trial court granted defendant a deferred judgment and sentence for four years and defendant agreed to complete Sex Offender Intensive Supervision Probation (SOISP). The conditions of his probation included (1) a ninety-day commitment to jail, with eighty days suspended and credit for three days served, (2) prohibition from possessing "any sexually oriented or sexually stimulating material," and (3) successful completion of a sex offender treatment program approved by his probation officer. A condition for participating in defendant's specific sex offender treatment was that he could not have "possession or have any contact with any form of . . . [m]aterial that contains nudity, sexual themes, and sexually explicit or violent images."

¶ 3 In February 2011, defendant's probation officer searched defendant's house. At the time of the search, defendant had lived in the house for six years, the last year and a half of which he lived alone. During her

search, the probation officer found a Hooters calendar and a *Maxim* magazine. The trial court later described these items as containing "scantily clad" women. Additionally, the probation officer found photographs of defendant with a naked woman and nine pornographic movies. As a result, defendant was removed from his sex offender treatment program.

¶ 4 After a two-day hearing, the trial court found defendant in violation of his probation for failure to complete the sex offender treatment and for possessing sexually oriented or sexually stimulating material. The trial court revoked defendant's deferred judgment and sentence, and sentenced him to five years of SOISP. One of the conditions of defendant's second probation sentence was to serve ninety days in jail, with sixty days suspended, and credit for one day served.

## II. Sentencing

■ ¶ 5 Defendant contends that the trial court erred by committing him to ninety days in jail as a condition of his second probation after he had already been committed to ninety days in jail as a condition of his initial probation. Defendant argues that pursuant to section 18–1.3–202, C.R.S.2012, a defendant may only be committed to an aggregate of ninety days in jail as a condition of probation for any single conviction. We disagree, and conclude that the ninety-day limit attaches to the probation sentence, rather than to the underlying conviction.

¶ 6 At issue here is the interpretation of certain statutory provisions relating to a trial court's discretion when sentencing and resentencing a defendant to probation for the same underlying offense. The interpretation of a statute is a question of law that we review de novo. *People v. Valenzuela*, 98 P.3d 951, 954 (Colo.App.2004).

¶ 7 Our primary task when construing a statute is to give effect to the General Assembly's intent. *Romero v. People*, 179 P.3d 984, 986 (Colo.2007). To do so, we read the words and phrases used in context and accord them their plain meaning. *Valenzuela*, 98 P.3d at 954. "We read the statute as a whole and give harmonious and sensible effect to all its parts, when possible." *People*

*v. Martinez*, 70 P.3d 474, 477 (Colo.2003). In order to avoid an absurd result, we may interpret the statute by considering laws upon the same or similar subjects. *Town of Erie v. Eason*, 18 P.3d 1271, 1276 (Colo. 2001); *Mayo v. People*, 181 P.3d 1207, 1210 (Colo.App.2008).

■ ¶ 8 Section 18–1.3–202 describes the probationary power of the court. The statute vests the trial court with the discretion to impose conditions of probation, including committing a defendant to jail. "The aggregate length of any such commitment whether continuous or at designated intervals shall not exceed ninety days for a felony ...."§ 18–1.3–202(1), C.R.S.2012. We note and reject defendant's argument that the language, "designated intervals," in the statute suggests that commitment to jail can only be in periods that cannot be aggregated.

■ ¶ 9 We conclude from the plain language of the statute that each time a defendant is sentenced or resentenced to probation, the trial court may include as a condition of probation a commitment to jail for up to the maximum number of days permitted by statute. The statute, titled "Probationary power of court," addresses only the granting of probation, and does not concern the broader principles of sentencing for the underlying crime. Therefore, we hold that the provisions of this statute apply to the specific, individual grant of probation, and not to the sentencing for the underlying crime.

¶ 10 Consideration of section 16–11–206, C.R.S.2012, supports our conclusion. This criminal procedure provision outlines the process for revoking a defendant's probation. Once the court determines that the defendant has violated a condition of probation, the trial court must "either revoke or continue the probation": "If probation is revoked, the court may then impose any sentence or grant any probation pursuant to the provisions of this part 2 which might originally have been imposed or granted." § 16–11–206(5), C.R.S.2012. Read in conjunction with section 18–1.3–202, this statute indicates that the legislature intended the trial court to have discretion to revoke a defendant's pro-

bation and resentence the defendant to the same or similar probation. *See People v. Trujillo*, 261 P.3d 485, 488 (Colo.App.2010). It would be absurd to conclude that the trial court could sentence a defendant to the maximum period of commitment as a condition of his or her first probation, but in the event that the defendant violated a condition of that probation, the trial court could not revoke and resentence defendant to probation unless it was without any commitment.

¶ 11 Here, defendant was initially sentenced to probation with a condition of the maximum ninety-day commitment to jail. Once the trial court determined a violation of defendant's probation, it was within the trial court's discretion to revoke defendant's probation and resentence him to probation with the same ninety-day jail commitment. Although the sentences both related to the same underlying conviction, the conditions of commitment were for separate probation sentences. Thus, we perceive no abuse of the trial court's discretion.

### III. Revocation of Deferred Judgment

¶ 12 Defendant contends that the trial court erroneously revoked his deferred judgment because (1) the terms of his probation were unconstitutionally vague as applied to the magazine and calendar, and (2) the prosecution failed to prove that he knowingly possessed the movie and photos. We perceive no error.

¶ 13 First, defendant contends that the condition of his probation prohibiting him from possessing "sexually oriented or sexually stimulating material" was unconstitutionally vague as applied to the magazine and calendar. However, neither the calendar nor the magazine is part of the record before us. We therefore presume that the trial court was correct in concluding that those materials were sexually oriented or stimulating within the parameters of the conditions of probation. *People v. Clendenin*, 232 P.3d 210, 216 (Colo.App.2009) (it is the defendant's duty to provide the reviewing court with an adequate record that substantiates the claim on appeal, and "[a]bsent an adequate record, we presume the trial court's findings and conclusions are correct").

¶ 14 Second, defendant contends that the prosecution failed to prove by a preponderance of the evidence that he *knowingly* possessed the movies and photographs. Even assuming, for the purposes of this case, that a heightened standard of knowing possession—rather than a strict liability possession standard—applies, we conclude that the record supports the trial court's conclusion that defendant knowingly possessed the movies and photographs.

¶ 15 In a revocation proceeding, whether the probationer violated a condition of his or her probation is a question of fact that the prosecution must establish by a preponderance of the evidence. *People v. Howell*, 64 P.3d 894, 896–97 (Colo.App.2002); *People v. Colabello*, 948 P.2d 77, 79–80 (Colo. App.1997). Once a violation is found, the decision whether to revoke a defendant's probation is within the trial court's discretion, and we will not disturb its decision unless its judgment is against the manifest weight of the evidence. *People v. Elder*, 36 P.3d 172, 173–74 (Colo.App.2001).

¶ 16 Here, the probation officer found the movies in defendant's bedroom closet. The photographs were found in defendant's desk drawer. He testified that he used his desk regularly for business, other people who lived with him throughout the years did not use his office, and he did not clean out his office after being sentenced to probation. Defendant also testified that he remembered being given the photographs about four years before they were found in his desk. Although defendant claimed he did not know that the items were in his possession, the record supports the trial court's factual determination that defendant knowingly possessed the movies and photographs, given their location in his house. *Cf. People v. Brown*, 250 P.3d 718, 721 (Colo.App.2010) (defendant possessed a gun when he was alone in a room with it and, in reference to the room, stated, "[A]ll that shit is mine."); *People v. Warner*, 251 P.3d 556, 564 (Colo.App.2010) ("A conviction for possession of a controlled substance may be predicated on circumstantial evidence.").

¶ 17 Finally, defendant contends that he was improperly discharged from his sex offender treatment program because his discharge was based on the discovery of the sexually oriented or sexually stimulating material. Because we affirm the trial court's conclusions regarding the sexually oriented or sexually stimulating materials, we perceive no error in defendant's removal from the sex offender treatment program.

¶ 18 The judgment and sentence are affirmed.

JUDGE TAUBMAN and JUDGE HAWTHORNE concur.