2013 COA 19

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Peter Leo DINKEL, Defendant–Appellant.**

**No. 11CA1802**

Colorado Court of Appeals, Div. II.

Announced February 28, 2013

John W. Suthers, Attorney General, Susan E. Friedman, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

Douglas K. Wilson, Colorado State Public Defender, Alan Kratz, Appellate Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant

Opinion by JUDGE NAVARRO

¶ 1 Defendant, Peter Leo Dinkel, appeals the district court's order denying his motion to terminate his probation. We affirm.

## I. Background

¶ 2 In 2002, defendant pleaded guilty to sexual assault on a child under fifteen by a person in a position of trust, a class 3 felony. *See* § 18–3–405.3(1), (2)(a), C.R.S.2012. The trial court sentenced him to an indeterminate twenty-year-to-life term of sex offender intensive supervision probation (SOISP) pursuant to section 18–1.3–1004(2)(a), C.R.S.2012.

¶ 3 In 2010, the trial court granted defendant's request to modify his probation from SOISP to "regular Sex Offender Supervision."

¶ 4 In 2011, defendant moved to terminate his probation in its entirety. The prosecution objected on the basis that defendant's request was premature because he had not yet completed the twenty-year minimum term of his probation. The court, following a hearing, denied defendant's motion, concluding that it lacked authority to reduce his term below the statutory minimum of twenty years set forth in section 18–1.3–1004(2)(a).

## II. Statutory Minimum

¶ 5 Defendant contends that the trial court has discretion under section 18–1.3–204(4)(a), C.R.S.2012, to reduce or increase a term of a sex offender's probation, and its discretion is not limited by the provisions of sections 18–1.3–1004(2)(a) and 18–1.3–1008(2), C.R.S.2012. We disagree.

¶ 6 Statutory construction is a question of law subject to de novo review. *People v. Valenzuela,* 216 P.3d 588, 590 (Colo.2009). Our task in construing a statute is to ascertain and give effect to the intent of the General Assembly. *People v. Trujillo,* 261 P.3d 485, 488 (Colo.App.2010).

¶ 7 In determining statutory intent, a reviewing court begins its analysis with the plain language of the statute. *Valenzuela,* 216 P.3d at 590. The court looks to the statutory design as a whole, giving effect to the language of each provision and harmonizing apparent conflicts where possible. *Trujillo,* 261 P.3d at 488. The court reads statutory words and phrases in context and construes them according to their common usage. *Bostelman v. People,* 162 P.3d 686, 690 (Colo.2007). If the statute is clear and unambiguous on its face, the court does not engage in further statutory analysis. *Id.*

¶ 8 A court's general authority to sentence a defendant to probation under section 18–1.3–104(1)(a), C.R.S.2012, is expressly circumscribed by that statute, which states:

> Notwithstanding any provision of this subsection (1) to the contrary, the court shall sentence any person convicted of a sex offense ... pursuant to the provisions of part 10 of this article.

§ 18–1.3–104(1)(i), C.R.S.2012.

¶ 9 The Sex Offender Lifetime Supervision Act, sections 18–1.3–1001 to –1012, C.R.S. 2012 (the Act), is found in part 10 of article 1.3 and permits a court to sentence certain sex offenders to an indeterminate term of probation. As applicable here, the Act states: "The district court ... may sentence a sex offender to probation for an indeterminate period of at least ... twenty years for a class 2 or 3 felony and a maximum of the sex offender's natural life ...." § 18–1.3–1004(2)(a).

¶ 10 Section 18–1.3–1008(2) states:

> On completion of twenty years of probation for any sex offender convicted of a class 2 or 3 felony ... the court shall schedule a review hearing to determine whether the sex offender should be discharged from probation. In making its determination, the court shall determine whether the sex offender has successfully progressed in treatment and would not pose an undue threat to the community if allowed to live in the community without treatment or supervision. The sex offender's probation officer and treatment provider shall make recommendations to the court concerning whether the sex offender has met the requirements of this section such that he or she should be discharged from probation.

¶ 11 Section 18–1.3–1008(3), C.R.S.2012, addresses the factors a court must consider when determining whether to discharge a sex offender from probation pursuant to section 18–1.3–1008, C.R.S.2012.

¶ 12 Thus, under the plain language of the Act, a sex offender who is convicted of a class 3 felony and sentenced to probation must

receive a minimum of twenty years of probation. The Act provides for review of the sentence, and possible discharge, once the offender has completed twenty years of probation. The Act has no provision permitting discharge of the sex offender's probationary sentence prior to the twenty-year review. Thus, the Act does not grant discretion to the district court to terminate the sex offender's probation until he or she has completed at least twenty years of the sentence.

¶ 13 Defendant notes that, in determining whether to discharge a sex offender from probation pursuant to section 18–1.3–1008, "the court shall consider the recommendations of the sex offender's probation officer and treatment provider." § 18–1.3–1008(3)(a), C.R.S.2012. He maintains that section 18–1.3–1008(2) authorizes the termination of a sex offender's probation when "the sex offender has successfully progressed in treatment and would not pose an undue threat ... if allowed to live in the community without treatment or supervision." He asserts that his treatment provider has successfully discharged him from treatment and his probation officer recommends that his probation be terminated as successful.

¶ 14 As noted above, however, section 18–1.3–1008(2) provides for this review, and possible discharge, only after completion of twenty years of probation.

¶ 15 Defendant also argues that section 18–1.3–204(4)(a), C.R.S.2012, together with the reasoning of *People v. Valenzuela*, 98 P.3d 951 (Colo.App.2004), authorizes a court to terminate a sex offender's probation prior to the completion of twenty years. We disagree.

¶ 16 Section 18–1.3–204(4)(a) permits a district court discretion to reduce or increase the term of a probationer's sentence, or to alter the conditions or impose new conditions, when good cause is shown. As explained in *Valenzuela*, the discretion granted in 18–1.3–204(4)(a) to alter the conditions of a probationer's sentence is matched with a provision of the Act that grants the court authority to release a sex offender from SOISP as a condition of probation. *See* § 18–1.3–1008(1), C.R.S.2012 (providing that, when a sex offender is sentenced to SOISP, he shall participate in the program "until further order of the court"); *Valenzuela*, 98 P.3d at 954 (applying section 18–1.3–1008(1)); *see also* § 18–1.3–1004(2)(a) (court shall order a sex offender sentenced to probation to participate in SOISP "until further order of the court"). Thus, construing the Act, along with the provisions of section 18–1.3–204(4)(a), the division in *Valenzuela* concluded that a trial court has discretion, under certain circumstances, to release a sex offender from SOISP and place him or her on intensive supervision probation (ISP). *See Valenzuela*, 98 P.3d at 954.

¶ 17 Unlike the situation in *Valenzuela*, however, no statutory provision in the Act permits the court to terminate a sex offender's probation before completion of the minimum term of twenty years. Rather, in the case of a class 3 felony, the Act provides for possible termination of a sex offender's sentence only after he or she has completed twenty years of probation. § 18–1.3–1008(2).

■ ¶ 18 Thus, to the extent that the provision in section 18–1.3–204(4)(a) allowing the court to "reduce or increase the term of probation" could be construed to permit the court to terminate a sex offender's indeterminate probation sentence before the completion of the minimum twenty-year term, that provision conflicts with sections 18–1.3–1004(2) and 18–1.3–1008(2). The more specific provisions of the Act must control. *See* § 2–4–205, C.R.S.2012; *Trujillo*, 261 P.3d at 488.

■ ¶ 19 Defendant's reliance on the rule of lenity is also unavailing. That rule may be employed only to resolve an unyielding statutory ambiguity, not to create one. *People v. Harris*, 914 P.2d 425, 430 (Colo.App.1995). Defendant has not shown any unyielding statutory ambiguity here.

¶ 20 Accordingly, we reject defendant's argument that, although the trial court must *initially* sentence a sex offender who receives probation to a minimum term of twenty years to life, and *must* review the probationer's sentence after twenty years, it *may also* discharge a probationer at any time prior to twenty years. The relevant statutes compel the conclusion that a court may not

discharge a sex offender convicted of a class 3 felony from probation before he or she has served at least a twenty-year term.

¶ 21 The order is affirmed.

JUDGE CASEBOLT and JUDGE MILLER concur.