Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
January 13, 2020

**2020 CO 3**

**No. 18SC482, *Martinez v. People*—Statutory Interpretation—Probation
Revocation—DUI Sentencing.**

In this opinion, the supreme court reviews a district court's judgment
affirming a county court's interpretation and application of section 42-4-1307,
C.R.S. (2019). The supreme court concludes that the sentence imposed by the
county court when it revoked this defendant's probation for a second time was
illegal because it exceeded the statutory maximum amount of jail time. Under
section 42-4-1307(7), the court holds that the maximum cumulative amount of jail
time a sentencing court may impose for probation violations stemming from a
second or subsequent alcohol- or drug-related misdemeanor driving offense is 365
days. Because the defendant had served more than 365 days in jail as of the filing
of this appeal, the supreme court reverses the district court's judgment and
remands the case with instructions to vacate the sentence, resentence him under
section 42-4-1307(6) and (7), and correct the mittimus.

## The Supreme Court of the State of Colorado
2 East 14th Avenue • Denver, Colorado 80203

## 2020 CO 3

### Supreme Court Case No. 18SC482
*Certiorari to the District Court*
Larimer County District Court Case No. 17CV31055
Honorable Gregory M. Lammons, Judge

### Petitioner:

Quinten Martinez,

v.

### Respondent:

The People of the State of Colorado.

### Judgment Reversed
*en banc*
January 13, 2020

**Attorneys for Petitioner:**
Megan A. Ring, Public Defender
C. May Nickel, Deputy Public Defender
   *Fort Collins, Colorado*

**Attorneys for Respondent:**
Clifford E. Riedel, District Attorney, Eighth Judicial District
Joshua D. Ritter, Deputy District Attorney
   *Fort Collins, Colorado*

**JUSTICE HOOD** delivered the Opinion of the Court.

1

¶1 After pleading guilty to Driving While Ability Impaired, Quinten Martinez was sentenced to jail and probation under section 42-4-1307, C.R.S. (2019). The county court twice revoked his probation and resentenced him. Martinez has served 608 days in jail related to this offense, of which 458 stem from probation violations.

¶2 We conclude that the sentence imposed for Martinez's second probation violation was illegal. We hold that under section 42-4-1307(7), the maximum cumulative amount of jail time a court may impose for probation violations stemming from a second or subsequent alcohol- or drug-related misdemeanor driving offense is 365 days. We therefore reverse the district court's judgment and remand the case with instructions to vacate Martinez's sentence, resentence him under section 42-4-1307(6) and (7), and correct the mittimus.

## I. Facts and Procedural History

¶3 Three procedural events drive the legal analysis in this case:

- In August 2015, Martinez pled guilty to a fourth misdemeanor traffic offense of Driving While Ability Impaired.[1] The court sentenced him to 515 days in the county jail—150 days to be served directly and 365 days suspended—and forty-eight months of supervised probation.

---

[1] The record indicates that Martinez had at least five such convictions, but his plea agreement shows that he pled guilty to only a fourth offense here.

2

- In August 2016, the court revoked Martinez's probation and resentenced him to 720 days in jail with 365 days suspended—leaving 355 days to be served directly—and thirty-six months of supervised probation.

- In July 2017, the court revoked Martinez's probation a second time and sentenced him to 365 days in jail.

¶4 Martinez appealed this last sentencing order to the district court, arguing that section 42-4-1307(7)(c)(1) limits to 365 days the cumulative period of incarceration for probation violations for misdemeanor traffic offenses involving alcohol or drugs ("DUI").[2] Because he had already served 355 days in jail for probation violations, he asserts that the maximum jail sentence the court could impose was ten days. Martinez also moved for a stay of execution, which the trial court granted. By the time the stay entered, Martinez had already served 103 days of his 365-day sentence on the second revocation.

¶5 The district court affirmed the sentence. It concluded that when a defendant violates probation, "[t]he trial court has the discretion to either impose suspended jail time and continue the defendant on probation or to revoke probation and resentence the defendant."

---

[2] For ease of reference, we use the familiar acronym DUI to encompass the misdemeanor traffic offenses involving alcohol or drugs under section 42-4-1307(7), namely Driving Under the Influence, Driving Under the Influence Per Se, and the lesser offense of Driving While Ability Impaired to which Martinez pled guilty here.

¶6    We granted Martinez's petition for certiorari review.[3]

## II.  Analysis

¶7    After discussing the standard of review, we interpret section 42-4-1307. Because the statute's silence regarding sentencing after revocation creates ambiguity, we apply several canons of statutory construction that help us discern the legislature's intent.  We conclude that when a defendant is sentenced to probation as part of his sentence for a second or subsequent DUI offense and then violates the terms of that probation, the court may impose all or part of the suspended 365-day jail sentence but can impose no more than 365 days cumulative jail time for all probation violations.

### A.  Standard of Review

¶8    Although sentencing is generally a matter within the discretion of the trial court, a court may exercise that discretion "only to the extent permitted by statute."  *Allman v. People*, 2019 CO 78, ¶ 30, 451 P.3d 826, 833 (quoting *Vensor v. People*, 151 P.3d 1274, 1275 (Colo. 2007)).  We therefore turn to the relevant

---

[3] We granted certiorari to review the following issue:

1. [REFRAMED] Whether the district court erred under section 42-4-1307(7)(c), C.R.S. (2018), when it affirmed petitioner's sentence to 365 days in jail following a second probation revocation, after petitioner had already been sentenced to 355 days in jail for a prior probation revocation on the same charge.

4

sentencing statutes to determine the legality of the sentence imposed here, reviewing de novo the county court's interpretation of those statutes. *See id.* at ¶ 29, 451 P.3d at 833 ("Whether a trial court has the authority to impose a specific sentence is a question of statutory interpretation, which we review de novo.").

¶9 "When construing a statute, we give effect to the intent of the General Assembly by first looking to the plain language of the statute." *In re Marriage of Boettcher & Boettcher*, 2019 CO 81, ¶ 12, 449 P.3d 382, 385. We must construe the statute as a whole to give consistent, harmonious, and sensible effect to all its parts. *Id.* If the plain language is clear, we apply it as written. *Hunsaker v. People*, 2015 CO 46, ¶ 11, 351 P.3d 388, 391. If, however, the statute is ambiguous or conflicts with other statutory provisions, we may employ aids of statutory construction to discern the legislature's intent. *See id.*; *People v. Coleman*, 2018 COA 67, ¶ 41, 422 P.3d 629, 637. For example, we may rely on the legislative history, the consequences of a particular construction, and the end to be achieved by the statute. *See People v. Cooper*, 27 P.3d 348, 354 (Colo. 2001).

## B. DUI Sentencing for Third and Subsequent Offenses

¶10 "[I]t is the prerogative of the legislature to define crimes and prescribe punishments." *Vensor*, 151 P.3d at 1275.

¶11 Section 42-4-1307(6)(a)(I)–(IV) provides that, for a third or subsequent DUI conviction, the court must sentence the defendant to: (1) 60–365 days in jail; (2) a

5

fine of $600–$1500, which may be suspended; (3) 48–120 hours of useful public service; and (4) a period of probation for at least two years (unless the defendant is simultaneously sentenced to the department of corrections for another offense), with a separate 365-day suspended sentence to the county jail.[4]

¶12   Subsection (7) of that statute, entitled "Probation-related penalties," outlines sanctions for violating the mandatory probation component of the initial sentence. It allows the court to impose up to two additional years of probation for the purpose of continued monitoring or treatment. § 42-4-1307(7)(b)(II). It also provides that the initial period of incarceration imposed under subsection (6)(a)(I) shall not be credited against the suspended 365-day sentence imposed in conjunction with probation. § 42-4-1307(7)(a). If, during the period of probation, the defendant violates a condition of his probation, the court "may impose all or part of the suspended sentence." § 42-4-1307(7)(c)(I). "During the period of imprisonment [imposed for violating probation], the person shall continue serving the probation sentence with no reduction in time for the sentence to probation."

---

[4] Although Martinez was sentenced under subsection (6), which covers third and subsequent DUI offenses, the probation provisions of subsection (7) apply equally to all second and subsequent DUI offenses. *See* § 42-4-1307(7) (providing that the probation provisions in subsection (7) apply to sentences imposed under both subsection (5)—for second offenses—and subsection (6)—for third and subsequent offenses).

*Id.* "Any imprisonment imposed upon a person by the court pursuant to [this subsection] must be imposed in a manner that promotes the person's compliance with the conditions of his or her probation and not merely as a punitive measure." § 42-4-1307(7)(c)(II). Finally, subsection (7) provides that "[a] cumulative period of imprisonment imposed pursuant to this [subsection] shall not exceed one year." § 42-4-1307(7)(c)(I).

¶13 In short, the statute's plain language creates two reservoirs of jail time: (1) a "one-and-done" initial sentence to jail under subsection (6)(a)(I) for 60–365 days that may not be tapped a second time; and (2) the 365-day suspended incarceration imposed under subsection (6)(a)(IV) that may be tapped multiple times. Thus, drawing from both reservoirs, the maximum term of incarceration a defendant may receive under this statute is two years. *See Coleman*, ¶ 65, 422 P.3d at 641 (noting that the maximum term of incarceration for a defendant with three or more DUI convictions is two years in jail, "assuming that the defendant violates probation and suffers the gravest consequence"). Read as a whole, this sentencing scheme encourages rehabilitation and compliance with the terms of probation, while also seeming to limit the maximum time an individual may spend in jail related to a non-felony DUI offense.

## C. Probation Revocation and Resentencing Under Section 42-4-1307

¶14    Still, the prosecution contends that section 16-11-206(5), C.R.S. (2019), gives a sentencing court two options when a DUI probationer has violated a condition of probation: (1) it may continue probation under section 42-4-1307(7) and impose incremental jail time from the suspended 365-day reservoir; or (2) it may, under section 16-11-206(5), revoke probation and resentence a defendant to any sentence that might originally have been imposed under section 42-4-1307.

¶15    According to the prosecution, if the court continues probation, then the maximum cumulative period of incarceration for probation violations is one year. If the court revokes probation, however, there is no limit on the cumulative amount of time a defendant might spend in jail because the court may impose any sentence originally authorized upon each revocation.  The prosecution concedes that, taken to its logical extreme, this could yield the absurd result of an indeterminate sentence for a misdemeanor traffic offense.  But the prosecution counters that no court would allow that absurdity to occur, based on "judicial restraint" and the constitutional prohibition against cruel and unusual punishment.  Regardless, the prosecution argues that the plain language of the two statutes dictates this result, and we must apply the relevant statutes as the legislature drafted them.

¶16    Irrespective of whether the court continues or revokes probation, Martinez maintains that under the plain language of section 42-4-1307, and its associated legislative history, the maximum time a defendant can spend in jail for probation violations stemming from a DUI conviction is one year.

¶17    Section 42-4-1307 is silent regarding the court's sentencing options following probation revocation. Indeed, it makes no reference to revocation at all. Instead, the "penalties" provision simply mandates that "the person shall continue serving the probation sentence with no reduction in time for the sentence to probation." § 42-4-1307(7)(c)(I). This creates ambiguity regarding whether section 16-11-206(5) applies in this context when a court revokes probation under the terms of section 42-4-1307(7). *See Carrera v. People*, 2019 CO 83, ¶ 18, 449 P.3d 725, 729 ("A statute is ambiguous if it is susceptible to multiple reasonable interpretations."). Moreover, if a statute is silent on a matter "and that silence prevents a reasonable application of the statute," we still must endeavor to interpret and apply the statute to effectuate legislative intent. *In re 2000–2001 Dist. Grand Jury*, 97 P.3d 921, 924 (Colo. 2004); *see People v. Mosley*, 397 P.3d 1122, 1126 (Colo. App. 2011), *aff'd*, 2017 CO 20. In the face of this ambiguous silence, we turn to extrinsic aids to guide our interpretation of section 42-4-1307. *See Buckley v. Chilcutt*, 968 P.2d 112, 117 (Colo. 1998); *Mosley*, 397 P.3d at 1126. In employing these aids, we reject the prosecution's interpretation for three reasons.

### 1. A Specific Statute Trumps a General Statute

¶18 Where statutes conflict irreconcilably, the more specific provision typically "prevails as an exception to the general provision." § 2-4-205, C.R.S. (2019); *see People v. Stellabotte*, 2018 CO 66, ¶ 32, 421 P.3d 174, 180 ("But if conflicting statutes can't be reconciled, we have adopted a canon of statutory construction that a specific statutory provision 'acts as an exception to that general provision, carving out a special niche from the general rules to accommodate a specific circumstance.'" (quoting *Martin v. People*, 27 P.3d 846, 852 (Colo. 2001))).

¶19 Section 16-11-206(5) is a general provision that applies to all criminal sentences with probationary components. It permits a court to impose any sentence that was originally authorized if it revokes a defendant's probation. Section 42-4-1307(7) is a more specific provision that only applies to the probationary portion of a defendant's sentence imposed for a second or subsequent DUI conviction. Under this provision, the court is limited to imposing all or part of the 365-day suspended jail sentence, regardless of whether it revokes or continues a defendant's probation. Thus, because these two provisions irreconcilably conflict by granting sentencing courts such starkly disparate resentencing authority, we infer that the legislature intended for the more specific statute, section 42-4-1307(7), alone to control in the DUI context.

## 2. We Construe Section 42-4-1307 to Avoid Absurd Results

¶20    We avoid interpreting a statute in a way that would lead to an absurd result. *See Pineda-Liberato v. People*, 2017 CO 95, ¶ 22, 403 P.3d 160, 164; *People v. Gravina*, 2013 COA 22, ¶ 7, 300 P.3d 990, 992.

¶21    It would be absurd for an individual sentenced for a DUI to be potentially subject to indeterminate jail time for probation violations, particularly given the legislature's mandate that any jail time be imposed to promote rehabilitation "and not merely as a punitive measure." § 42-4-1307(7)(c)(II).  Yet, indeterminate jail time as punishment is what the prosecution's construction permits.

¶22    Further, if we were to interpret section 42-4-1307 to allow a court to resentence a defendant to any sentence originally authorized, a misdemeanor defendant could spend more time incarcerated than a defendant who is convicted of a felony DUI and sentenced directly to a presumptive term of imprisonment. *See* § 18-1.3-401(1)(a)(V), C.R.S. (2019); § 42-4-1301(1)(a)–(b), C.R.S. (2019) (stating that a defendant sentenced for a felony DUI may be imprisoned for a presumptive term of not more than six years).  We have held a similar interpretation of a related sentencing scheme to be absurd. *See Frazier v. People*, 90 P.3d 807, 811–12 (Colo. 2004) (holding it absurd to interpret a sentencing statute as punishing DUI vehicular homicide less severely than reckless vehicular homicide, essentially making a defendant's intoxication at the time of the offense a mitigating factor);

11

*see also People v. French*, 165 P.3d 836, 840 (Colo. App. 2007) ("It would lead to an absurd result if a defendant who pleaded guilty to a misdemeanor was exposed to an aggravated sentence, but a defendant who pleaded guilty to a felony was not.").

¶23 We conclude that the absurd possibility of such indeterminate sentencing could not be what the legislature intended. To avoid this result, we construe section 42-2-1307(7) to remove from the court the authority to repeatedly impose any of the sentencing options available upon initial sentencing.

### 3. The Legislative History Supports Martinez's Construction

¶24 "While by no means conclusive, the testimony of the bill's sponsor concerning its purpose and anticipated effect can be powerful evidence of legislative intent." *Vensor*, 151 P.3d at 1279.

¶25 The bill that became section 42-4-1307 was H.B. 1347. The bill's sponsor in the House of Representatives said that probation under this statute is not intended to work the way "normal" probation works. Hearings on H.B. 1347 before the H. Judiciary Comm., 67th Gen. Assemb., 2nd Sess. (Mar. 11, 2010) (statements of Representative Levy). She noted that under the general criminal statutes, if a defendant violates probation, the court may revoke probation and impose any sentence originally authorized. Under the DUI sentencing statute however, the court is given a one-year reservoir (the 365-days of suspended jail time) on which it can draw if there is a violation. She stressed that one of the top priorities of the

12

DUI sentencing statute is public safety—to get offenders off the road and into supervised treatment. She said that the one-year reservoir is intended to be used incrementally as a tool to encourage compliance and that the bill imposes a two-year maximum period of incarceration. And she admitted that although the statute removes some of the discretion judges normally retain in sentencing, this was done to promote uniformity in sentencing DUI offenders.

¶26 When the bill was subsequently introduced in the Senate, the sponsor there echoed the House sponsor's sentiments: The focus of the bill is public safety. Hearings on H.B. 1347 before the S. Judiciary Comm., 67th Gen. Assemb., 2nd Sess. (May 3, 2010) (statements of Senator Morse). Before becoming a judge, Mark Randall testified on behalf of the Colorado District Attorneys' Council. He emphasized that the one-year reservoir should be imposed incrementally, with a maximum cumulative period of incarceration for probation violations being one year. He added that the goal is to get offenders in treatment.

¶27 Thus, we conclude that the legislative history supports an interpretation that (1) DUI probation under section 42-4-1307 is intended to operate differently than general criminal probation under section 16-11-206, and (2) the maximum period of incarceration a defendant may serve for probation violations under section 42-4-1307 is one year.

## D. Application to Martinez's Sentences

¶28 To summarize, section 42-4-1307 creates two reservoirs of potential jail time: (1) as part of the initial sentence, the court may impose 60–365 days of direct jail time — once the initial jail sentence is served, this reservoir is exhausted; and (2) if the defendant violates a condition of probation, the court may impose, for each violation, any amount of jail time that incrementally or as a whole adds up to 365 days — once the defendant has served 365 days related to probation violations, this reservoir is exhausted. *See* § 42-4-1307(7)(a) (providing that any incarceration imposed as direct jail time at initial sentencing shall not count against the 365-day suspended sentence imposed as part of the probation component of the sentence).

¶29 Considering the sentences imposed here, the original sentence was legal and appropriate. The court sentenced Martinez to 150 days of direct jail time and four years of probation, with a 365-day suspended jail sentence. At the first revocation hearing, the court revoked Martinez's probation and sentenced him to 355 days of direct jail time and three years of probation, with a 365-day suspended jail sentence. Under our interpretation of section 42-4-1307, however, the court was not authorized to impose a completely new sentence when it revoked Martinez's probation. Thus, we construe this sentence as continuing Martinez's probation and imposing 355 days of incarceration from the 365-day suspended sentence available for probation violations.

14

¶30 Thus, at the second revocation hearing, because Martinez had already served 355 days in jail due to probation violations, the court only had ten days remaining from the original 365-day suspended sentence that it could impose to encourage compliance with the terms of probation. Yet the court sentenced Martinez to 365 days of direct jail time. This sentence was illegal. *See Delgado v. People*, 105 P.3d 634, 636 (Colo. 2005) ("[I]f the sentence imposed is not in full compliance with statutory requirements it is illegal.").[5]

## III. Conclusion

¶31 We reverse the district court's judgment and remand the case with instructions to vacate Martinez's sentence, resentence him under section 42-4-

---

[5] Nothing in this opinion should be perceived to prevent a court from revoking probation, imposing a jail sentence within the parameters we have outlined today, and then simply terminating probation. "The purpose of probation is to help the offender change his or her behavior to reduce the risk of future [DUI] violations . . . ." § 42-4-1307(1)(b). And the statute explicitly provides that any incarceration imposed for violating the conditions of probation "must be imposed in a manner that promotes the person's compliance with the conditions of his or her probation and not merely as a punitive measure." § 42-4-1307(7)(c)(II). About this much, both parties agree: When it becomes clear that probation is not an effective rehabilitation tool for a given defendant, the court need not engage in an exercise in futility by continuing probation or imposing a new sentence containing a term of probation. The parties diverge on the issue of jail time. We conclude that after imposing an initial combination of jail and probation, a court may revoke and terminate probation or continue probation while imposing incremental jail time. It simply can't impose more than one year in jail upon initial sentencing or more than one additional year for probation violations.

15

1307(6) and (7), and correct the mittimus. In doing so, the sentencing court should give Martinez credit for time already served. Because Martinez served the jail sentence initially imposed (150 days) and exceeded the 365 days available for probation violations (by serving 458 days total), the court may not sentence him to any additional jail time.