Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's
homepage at http://www.courts.state.co.us.  Opinions are also
posted on the Colorado Bar Association's homepage at
http://www.cobar.org.

ADVANCE SHEET HEADNOTE

**2019 CO 83**

**No. 16SC966, *Carrera v. People* — Statutory Interpretation — Deferred
Judgment — Restitution.**

The supreme court considers whether section 18-1.3-102(1), C.R.S. (2019), as
it read between 2002 and 2012, prevents a trial court from extending a deferred
judgment within the maximum statutory period of four years for reasons
unrelated to the payment of restitution.  Because the court determines that the
statute is ambiguous, the plain meaning rule is not dispositive.  Instead, the court
resorts to other interpretive rules.  Relying on the statutory history, the purpose
behind the enactment of the statute, and the consequences of the parties' differing
constructions, the court holds that section 18-1.3-102(1) does not prohibit a trial
court, in the exercise of its discretion, from extending a defendant's deferred
judgment for any legitimate reason and as many times as it deems appropriate, so
long as the aggregate period of the deferral does not exceed four years.  The court
further holds that when a defendant has been on a deferred judgment for four

years, the statute empowers the trial court, in the exercise of its discretion, to extend the deferred judgment for a period not to exceed 180 days, so long as the payment of restitution is the only condition of supervision not yet fulfilled.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2019 CO 83

**Supreme Court Case No. 16SC966**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 13CA1629

### Petitioner:

Derrick Lee Carrera,

v.

### Respondent:

The People of the State of Colorado.

**Judgment Affirmed**
*en banc*
September 30, 2019

**Attorneys for Petitioner:**
Megan A. Ring, Public Defender
Jessica Sommer, Deputy Public Defender
        *Denver, Colorado*

**Attorneys for Respondent:**
Philip J. Weiser, Attorney General
Matthew S. Holman, First Assistant Attorney General
        *Denver, Colorado*

**JUSTICE SAMOUR** delivered the Opinion of the Court.

¶1     This case requires us to interpret section 18-1.3-102(1), C.R.S. (2019), as it read between 2002 and 2012.[1]  That statute authorizes trial courts to place a defendant on a deferred judgment and sentence ("deferred judgment") by "continu[ing] [his] case . . . for a period not to exceed four years" for the purpose of entering the judgment and sentence upon his guilty plea, "except that such period may be extended for an additional time up to one hundred eighty days" if the payment of restitution is the only condition of supervision not yet fulfilled.

¶2     The parties agree that when a defendant is placed on a deferred judgment for four years, the statutory maximum, the trial court may extend the deferral period for up to 180 days if the requirement to pay restitution is the sole condition of supervision that has not been satisfied.  But what if the original period of the deferred judgment is shorter than four years?  In that situation, does the statute permit the trial court to extend the deferred judgment for any reason, so long as the aggregate period of deferral does not exceed four years?  The prosecution answers yes.  Derrick Lee Carrera answers no and argues that the trial court is

_____

[1] The current version of the statute is not materially different.  Nevertheless, we must construe the statutory language that was in effect during the pertinent timeframe.  For the sake of convenience, though, we generally use the present tense when discussing the 2002–2012 version of the statute throughout this opinion.

2

always limited when extending the original deferred judgment period—it may do so only one time, for up to 180 days, and only if the payment of restitution is the sole condition of supervision that remains unsatisfied.

¶3    In a fractured opinion, a division of the court of appeals determined that the language of section 18-1.3-102(1) is ambiguous because the parties' diametrically opposed constructions are both reasonable. *People v. Carrera*, No. 13CA1629, slip. op. at 7 (Nov. 10, 2016).  It then concluded that "other interpretive aids must be consulted" and that "those interpretive aids refute [Carrera's] reading of the statute and support the [prosecution's] interpretation." *Id.*

¶4    There is no need for us "to gild refined gold, to paint the lily," William Shakespeare, *King John* act 4, sc. 2, line 11, because the division resolved the parties' dispute in a thoughtful and well-reasoned opinion.  Thus, we affirm based on the same rationale.

¶5    We hold that section 18-1.3-102(1) does not prohibit a trial court, in the exercise of its discretion, from extending a defendant's deferred judgment for any legitimate reason and as many times as it deems appropriate, so long as the aggregate period of the deferral does not exceed four years. We further hold that when a defendant has been on a deferred judgment for four years, the statute empowers the trial court, in the exercise of its discretion, to extend the deferred

3

judgment for a period not to exceed 180 days, so long as the payment of restitution is the only condition of supervision not yet fulfilled.

## I. Facts and Procedural History

¶6 Carrera pled guilty to possession of one gram or less of a schedule I controlled substance, a class 6 felony, in August 2010. Consistent with the parties' plea agreement, in October 2010, the district court placed Carrera on a two-year deferred judgment and required the probation department to supervise him. The court imposed certain conditions of supervision, including the payment of $1,183.50 in fees and costs.[2] No restitution was requested or ordered.

¶7 In September 2012, Carrera and his case manager filed a joint motion requesting that the deferred judgment be extended for six months, from October 4, 2012, when it was scheduled to expire, until April 4, 2013. The motion explained that the extension was necessary "[t]o allow [Carrera] more time in which to complete his Court-ordered obligations." It then specified that Carrera still owed some of the fees and costs imposed. The prosecution did not file an objection, and the district court granted the motion and extended the deferred judgment until April 4, 2013.

---

[2] The parties refer to "fines and costs," but the record reflects that the trial court ordered Carrera to pay fees and costs; no fines were imposed.

¶8    On April 2, 2013, Carrera's case manager submitted a complaint to revoke the deferred judgment, alleging that Carrera had failed to pay $938.50 of the fees and costs and to complete outpatient treatment. Following an evidentiary hearing, the district court found that the prosecution had proven both of the alleged violations. It thus revoked Carrera's deferred judgment, entered a judgment of conviction, and sentenced him to unsupervised probation for a period of one year. Carrera appealed.

¶9    Before the court of appeals, Carrera raised several claims. As relevant here, he argued that the district court lacked authority to extend his deferred judgment in 2012 for a condition unrelated to the payment of restitution and, therefore, it had no jurisdiction to revoke his deferred judgment in 2013. According to Carrera, the district court had authority to extend his two-year deferred judgment only once and only if the failure to pay restitution was the sole condition of supervision not yet fulfilled. Since the trial court extended the deferred judgment in October 2012 based on his failure to pay the fees and costs in full, Carrera asserted that the extension was invalid. Thus, maintained Carrera, the court lost subject matter jurisdiction on October 4, 2012, when the original two-year deferred judgment period expired.

¶10    A split division of the court of appeals affirmed. Although acknowledging that Carrera's interpretation of the statute was reasonable, it determined that the

5

prosecution's interpretation, which ran 180 degrees counter to it, was equally reasonable. Finding the statute ambiguous, the division turned to three interpretive aids: (1) the statutory history; (2) the purpose behind the statute's enactment; and (3) the consequences of the parties' dissimilar interpretations. It then rejected Carrera's construction and embraced the prosecution's interpretation.

¶11 The division thus ruled that section 18-1.3-102(1) does not limit how many times, how long, or for what reasons the court may extend a deferred judgment, "other than to cap (ordinarily) the total continuance at a period of four years." *Carrera*, slip. op. at 6. In so doing, the division reasoned that the exception clause refers to an extension "beyond the statutory maximum period of four years," not to an extension "beyond the original period" of the deferred judgment (which may be less than four years). *Id.* at 7. In his dissent, Judge Webb sided with Carrera's reading of the statute. *Id.* at 27–28 (Webb, J., dissenting).

¶12 Carrera then sought review of the division's decision, and we granted his petition for certiorari in part.[3]

---

[3] We granted certiorari to review the following issue:

Whether the district court lacked jurisdiction to revoke Mr. Carrera's deferred judgment and sentence and enter the felony conviction because the period of the deferred judgment has been impermissibly

6

¶13    Deferred judgments are "created and authorized by statute." *Pineda-Liberato v. People*, 2017 CO 95, ¶ 21, 403 P.3d 160, 164.  Colorado's deferred judgment statute, section 18-1.3-102, "strictly controls a trial court's authority to impose a deferred judgment, and a trial court lacks authority to impose a deferred judgment outside the statute's limits."  *People v. Carbajal*, 198 P.3d 102, 104 (Colo. 2008).  Whether the trial court had authority to extend Carrera's deferred judgment in October 2012 hinges on the provisions of the deferred judgment statute.  *See id.*  The issue in this case, therefore, presents a question of statutory interpretation, which we review de novo.  *McCoy v. People*, 2019 CO 44, ¶ 37, 442 P.3d 379, 389.

¶14    Carrera's claim—that the trial court lacked jurisdiction to revoke his deferred judgment in April 2013 because it lacked authority to extend his deferred judgment in October 2012 for a reason unrelated to the payment of restitution—is one he was entitled to raise for the first time on appeal.  While "[a] party is generally precluded from raising an issue on appeal if he failed to object" at the trial court, "a challenge to a court's subject matter jurisdiction is not waivable, and

continued for payment of costs and fines, and not for payment of restitution, which is the only reason for continuance allowed by the plain language of the statute.

may be raised for the first time on appeal." *Herr v. People*, 198 P.3d 108, 111 (Colo. 2008).[4]

## III. Analysis

¶15     We begin by setting forth the relevant tenets of statutory interpretation. We then review the pertinent language in section 18-1.3-102(1) and the parties' respective constructions. Because we determine that the parties' contrasting interpretations are both reasonable and that the statute is ambiguous, we conclude that the plain meaning rule cannot resolve the issue on review. We therefore turn to other interpretive aids. The statutory history, the purpose behind the statute's enactment, and the consequences of the parties' differing constructions persuade us to endorse the prosecution's interpretation.

¶16     We therefore hold that section 18-1.3-102(1) does not prohibit a trial court, in the exercise of its discretion, from extending a defendant's deferred judgment for any legitimate reason and as many times as it deems appropriate, so long as the aggregate period of the deferral does not exceed four years. We further hold

---

[4] We recognize that it was Carrera who requested the extension of his deferred judgment in 2012. However, the prosecution does not invoke the invited error doctrine and, in any event, "[j]urisdiction is not conferred upon or taken away from a court based on the position of a party regarding the court's jurisdiction; instead, jurisdiction concerns the court's authority to decide the class of cases in which it renders judgment and is determined as a matter of law." *Winslow Constr. Co. v. City & Cty. of Denver*, 960 P.2d 685, 690 (Colo. 1998).

that when a defendant has been on a deferred judgment for four years, the statute empowers the trial court, in the exercise of its discretion, to extend the deferred judgment for a period not to exceed 180 days, so long as the payment of restitution is the only condition of supervision not yet fulfilled.

## A. Relevant Principles of Statutory Interpretation

¶17    In construing a statute, we aim to effectuate the legislature's intent. *McCoy*, ¶ 37, 442 P.3d at 389. The first step in the process is to look "to the language of the statute, giving its words and phrases their plain and ordinary meanings." *Id.* We must read the words and phrases in a statute "in context" and "according to the rules of grammar and common usage." *Id.* Additionally, we must take care to construe the legislative scheme "as a whole" by "giving consistent, harmonious, and sensible effect to all of its parts." *Id.* Conversely, we must "avoid constructions that would render any words or phrases superfluous or lead to illogical or absurd results." *Id.*

¶18    If the statutory language is unambiguous, we effectuate its plain and ordinary meaning and look no further. *Cowen v. People*, 2018 CO 96, ¶ 12, 431 P.3d 215, 218. In such a situation, the plain meaning rule—the cardinal rule in the realm of statutory interpretation—is both the first and the last canon and nothing more is required of the judicial inquiry. *Id.* But if the statutory language is ambiguous, we may consider other tools of statutory construction, including the statutory

history, *see Colo. Oil & Gas Conservation Comm'n v. Martinez*, 2019 CO 3, ¶ 30, 433 P.3d 22, 29, as well as the ends to be achieved by the statute and the consequences of any given construction, *McCoy*, ¶ 38, 442 P.3d at 389. A statute is ambiguous if it is susceptible to multiple reasonable interpretations. *Id.*

## B. Section 18-1.3-102(1) and the Parties' Disparate Interpretations

¶19 Section 18-1.3-102(1) provides in pertinent part:

> In any case in which the defendant has entered a plea of guilty, the court accepting the plea has the power, with the written consent of the defendant and his or her attorney of record and the district attorney, to continue the case for *a period not to exceed four years* from the date of entry of a plea to a felony . . . for the purpose of entering judgment and sentence upon such plea of guilty; except that *such period* may be extended for *an additional time* up to one hundred eighty days if the failure to pay restitution is the sole condition of supervision which has not been fulfilled . . . .

(Emphases added.)

¶20 Carrera reads the phrase "a period not to exceed four years" to restrict the trial court to a single continuance of the case for purposes of entering the judgment and sentence—that is, the continuance that establishes the original period of the deferred judgment. He contends that, since "a period" is singular, any extensions of the original deferred judgment period are generally forbidden. Carrera then interprets the words "such period" in the exception—"except that such period may be extended"—to refer back to the period of the original deferred judgment, even if it is shorter than four years. And, asserts Carrera, the exception permits

10

only one extension because it refers to "an additional time." Thus, Carrera maintains that his two-year deferred judgment could have been extended only "if the failure to pay restitution [was] the sole condition of supervision which ha[d] not been fulfilled" and then only "an additional time" (i.e., only one additional time) for a period of up to 180 days.

¶21 Carrera's interpretation stands in juxtaposition to the prosecution's. The prosecution reads the phrase "a period not to exceed four years" as affording the trial court the discretion to make the deferred judgment as long or as short as it deems appropriate, so long as it does not exceed four years. But the prosecution does not understand this phrase to address the number of times the court may extend the original deferred judgment. Relatedly, the prosecution interprets the words "such period" in the exception—"except that such period may be extended"—to refer back to the four-year statutory maximum, not to the period of the deferred judgment originally set. Thus, argues the prosecution, the 180-day statutory exception related to the payment of restitution applies only when the trial court seeks to extend a deferred judgment beyond four years. Stated differently, under the prosecution's construction, the statute does not circumscribe the trial court's authority to extend a deferred judgment, so long as the aggregate period of deferral does not exceed four years.

11

¶22 In our view, both of these constructions find support in the language of section 18-1.3-102(1) and are reasonable. We therefore conclude that the statute is necessarily ambiguous and that the plain meaning rule is not dispositive of the issue we confront.[5] Our recourse, then, is to consider other interpretive aids. We do so next.

## C. Other Interpretive Aids

¶23 Like the division, we lean on the statutory history, the purpose behind the enactment of the statute, and the consequences of the parties' competing interpretations. *See Martinez*, ¶ 30, 433 P.3d at 29; *McCoy*, ¶ 38, 442 P.3d at 389. We discuss each in turn.

## 1. Statutory History

¶24 We explore the statutory history of section 18-1.3-102 because we have recognized that a statute's history can "inform[] our understanding of legislative intent." *Martinez*, ¶ 31, 433 P.3d at 30.[6] In particular, we focus on the legislative

---

[5] We are not persuaded otherwise by either party's suggestion that the statute is unambiguous. Ironically, while both parties urge us to find that the statute is unambiguous, their interpretations are as different as night and day. Nor do we agree that our caselaw resolves the issue before us. While obviously relevant, our caselaw is not determinative.

[6] As we did in *Martinez*, "we use 'statutory history'" here "to refer to the evolution of a statute as it is amended over time by the legislature," as distinguished from "legislative history," which is commonly understood "to refer to the development

12

amendments that have followed cases interpreting and applying the deferred judgment statute.

¶25    Prior to 1985, the deferred judgment statute vested a trial court with authority "to continue [a] case for *a period* not to exceed two years from the date of entry of such plea for the purpose of entering judgment and sentence" upon the guilty plea.  Ch. 164, sec. 1, § 16-7-403(1), 1975 Colo. Sess. Laws 611, 611 (emphasis added).   That version of the statute did not include an exception clause that allowed the court to extend the deferral period.  Nevertheless, in interpreting it in *People v. Widhalm*, we observed that it provided the trial court some discretion to extend the period of the deferred judgment (presumably multiple times) for legitimate reasons up to the statutory maximum:

> We wish to make clear that in the absence of a finding that the defendant has violated the terms of the deferred judgment, *the court does have some discretion to extend an original period of deferral up to the statutory [2-year] maximum . . . .*  If, for example, a defendant lacks the financial ability to complete restitution within the period of deferral originally imposed by the court, the court may extend the term to permit the defendant to fulfill his obligation, *so long as the total period of deferral remains within the statutory maximum.*  Other circumstances, such as an obvious need for additional rehabilitative counseling, also might warrant an extension.  In these instances the justification for the extension originates in the legitimate interests of the defendant and

of a statute during the legislative process and prior to enactment or amendment."
*Martinez*, ¶ 30 n.2, 433 P.3d at 29 n.2.

13

the state and is unrelated to the defendant's deliberate violation of a previously stipulated condition of deferral.

642 P.2d 498, 501 n.4 (Colo. 1982) (emphases added).

¶26    In 1985, three years after we announced *Widhalm*, the legislature amended the statute and added the exception clause permitting an extension of the deferral period for an additional time of up to 180 days to pay restitution. *See* Ch. 135, sec. 8, § 16-7-403(1), 1985 Colo. Sess. Laws 615, 617. Significantly, the legislature made no attempt to abrogate our conclusion in *Widhalm* that the trial court had some discretion to extend the period of the deferred judgment for legitimate reasons (not limited to the payment of restitution), so long as the deferral period did not exceed the statutory maximum.

¶27    We had occasion to construe the exception clause in *Carbajal*. 198 P.3d at 107. By then, the statute had been relocated to section 18-1.3-102 and included a maximum period of four years. We explained that section 18-1.3-102(1) provides that "the maximum time a trial court may continue a felony case is four years," and that the court "may only extend" the deferral period "*beyond four years* for restitution [purposes]." *Carbajal*, 198 P.3d at 107 (emphasis added). Nowhere in *Carbajal* did we say that the statute curbs a court's authority to extend a deferred judgment within the four-year limitation. *Id.* Indeed, we read the clause added in 1985 as *an exception* to the four-year limitation, not as *a new restriction* within the four-year limitation.

¶28 During the eleven years since *Carbajal* was decided, the legislature has amended section 18-1.3-102 more than once. Yet it has never disavowed our interpretation in *Carbajal*.

¶29 The legislature's actions (and inactions) are significant because when the legislature amends a statute, it is presumed that it "is aware of, and approves of, case law interpreting that statute." *Diehl v. Weiser*, 2019 CO 70, ¶ 25, 444 P.3d 313, 319; *see also People v. Swain*, 959 P.2d 426, 430–31 (Colo. 1998) ("Under an established rule of statutory construction, the legislature is presumed, by virtue of its action in amending a previously construed statute without changing the portion that was construed, to have accepted and ratified the prior judicial construction."). Inasmuch as the legislature has not amended section 18-1.3-102 in a manner that overrides our holding in *Carbajal* or our conclusion in *Widhalm*, "we presume that [it] approves" of both decisions. *Diehl*, ¶ 25, 444 P.3d at 319. We therefore conclude that the statutory history supports the prosecution's interpretation of the statute.

## 2. Section 18-1.3-102's Purpose

¶30 "The purpose of deferred sentencing . . . is to give courts the power to impose alternative sentences that benefit a defendant when the interests of justice would be served thereby." *Pineda-Liberato*, ¶ 36, 403 P.3d at 166. We have

15

recognized that the defendant alone benefits from the deferred judgment statute. *Id.*

¶31 Construing section 18-1.3-102(1) as the prosecution proposes advances the statute's purpose because it affords trial courts the most discretion to extend a deferred judgment within the four-year limitation for the defendant's benefit when doing so is in the interest of justice. This case is a perfect example. Consistent with the prosecution's interpretation, it was within the trial court's discretion to grant Carrera's request in 2012 to extend his deferred judgment in order to give him more time to pay his outstanding fees and costs and to avoid the revocation of his deferred judgment. Carrera's interpretation would have had the opposite effect: It would have tied the court's hands, thereby taking the alternative sentencing option created by section 18-1.3-102 off the table at the end of the original two-year deferral period. As such, rather than promote the purpose of the statute, Carrera's construction would subvert it.

¶32 Accordingly, we conclude that, like the statutory history, the purpose of the deferred judgment statute favors the prosecution's interpretation and undermines Carrera's construction.

### 3. Consequences of the Parties' Interpretations

¶33 The consequences of the parties' differing constructions of the statute also compel us to accept the prosecution's interpretation. As the division aptly

recognized, Carrera's reading "would seem to create an incentive for prosecutors [and the probation department] to seek revocation where they might otherwise be willing to consent" to a defendant's request for an extension of the deferred judgment. *Carrera*, slip. op. at 10. Because the prosecution and the probation department would be unable to agree to give defendants more time to complete conditions of supervision unrelated to restitution, there would likely be more pressure to file motions to revoke deferred judgments. This, in turn, would likely encourage prosecutors to initially pursue longer deferred judgments—inevitably yielding added burdens and expenses for defendants—in order to increase the probability that defendants would satisfy all of the conditions of supervision. *See id.* at 10 & n.2, 11. These consequences would prejudice, not benefit, defendants by greatly limiting the sentencing alternative set forth in section 18-1.3-102.

¶34    In stark contrast, the prosecution's reading of the statute would permit the trial court to extend a deferred judgment multiple times for any legitimate reason within the four-year statutory limitation, thereby allowing a defendant more time to fulfill the conditions of his supervision. This construction would be beneficial, not prejudicial, to defendants because it would enhance the sentencing alternative contained in section 18-1.3-102.

17

# IV. Conclusion

¶35    We agree with the division that section 18-1.3-102(1) is ambiguous and that resort to other interpretive aids is warranted.  Applying those interpretive aids, we construe the statute as the division did.  Therefore, we affirm its judgment.