Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us. Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
May 4, 2020

**2020 CO 32**

**No. 19SC118, *People In Interest of G.S.S.*—Children's Code—Juvenile Court—Delinquency—Bail—Speedy Trial.**

Section 19-2-509(4)(b), C.R.S. (2019), provides that juveniles who are denied bail "must be tried on the charges on which the bail is denied" within sixty days "after the entry of such order or within sixty days after the juvenile's entry of a plea." In this case, the supreme court interprets section 19-2-509(4)(b) and concludes that it is ambiguous with regard to the type of right it confers and, consequently, to the remedy for its violation. Because section 19-2-509(4)(b) is ambiguous, the supreme court next considers whether the legislature intended section 19-2-509(4)(b) to be a bail statute—and have violations remedied through immediately holding a bail hearing and ordering the juvenile's release—or a speedy trial statute—and have violations remedied through dismissal. The supreme court concludes that section 19-2-509(4)(b) is a bail statute and thus holds that the remedy for a violation of section 19-2-509(4)(b) is for the court to

immediately hold a bail hearing and order the juvenile's release.  Accordingly, the

judgment of the court of appeals is reversed.

## The Supreme Court of the State of Colorado
2 East 14th Avenue • Denver, Colorado 80203

---

### 2020 CO 32

---

### Supreme Court Case No. 19SC118
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 17CA1678

---

### Petitioner:

The People of the State of Colorado,

### In the Interest of

### Respondent:

G.S.S.

---

### Judgment Reversed
*en banc*
May 4, 2020

---

**Attorneys for Petitioner:**
Philip J. Weiser, Attorney General
Joseph G. Michaels, Senior Assistant Attorney General
    *Denver, Colorado*

Christian Champagne, District Attorney, Sixth Judicial District
Sean Murray, Deputy District Attorney
    *Durango, Colorado*

**Attorneys for Respondent:**
Megan A. Ring, Public Defender
Ryann S. Hardman, Deputy Public Defender
    *Denver, Colorado*

**JUSTICE BOATRIGHT** delivered the Opinion of the Court.

¶1    Section 19-2-509(4)(b), C.R.S. (2019), provides that juveniles who are denied bail "must be tried on the charges on which the bail is denied" within sixty days "after the entry of such order or within sixty days after the juvenile's entry of a plea." Noticeably absent from section 19-2-509(4)(b) is the remedy for a violation of that direction, rendering ambiguous what should happen when a juvenile is held without bail for more than sixty days and has not been tried on the charges against him. This case requires us to resolve that ambiguity.

¶2    After being charged, fourteen-year-old G.S.S. was detained for more than three months without bail, even though he had not entered a plea and had not been tried on the charges against him. At that point, G.S.S.'s counsel filed a motion to dismiss, arguing that G.S.S.'s "right to a speedy trial" had been violated under section 19-2-509(4)(b). The trial court agreed and dismissed the case against G.S.S. with prejudice, and the court of appeals affirmed in *People in Interest of G.S.S.*, 2019 COA 4M, __ P.3d __. We then granted certiorari to determine the proper remedy for a violation of the sixty-day limit in section 19-2-509(4)(b).

¶3    We first conclude that section 19-2-509(4)(b) is ambiguous because its plain language does not make clear what type of right—bail or speedy trial—it confers, nor does it provide a remedy for its violation. We next interpret section 19-2-509(4)(b) and conclude that the legislature intended it to be a bail statute and not a speedy trial statute; thus, the remedy for a violation of section 19-2-509(4)(b)

should correspond to a bail right and not a speedy trial right. We therefore hold that the remedy for a violation of section 19-2-509(4)(b) is for the court to immediately hold a bail hearing and order the juvenile's release. Accordingly, we reverse the judgment of the court of appeals and remand for reinstatement of the delinquency petition and for further proceedings consistent with this opinion.

## I. Facts and Procedural History

¶4 In April 2017, the police arrested G.S.S. after investigating him for threatening to shoot fellow students at his middle school. Upon his arrest, G.S.S. was taken into custody and placed in detention. His arrest warrant stated that bail was fixed at $50,000. The People then charged him with two delinquent acts: (1) interference with staff, faculty, or students of educational institutions; and (2) attempted possession of an explosive or incendiary device.

¶5 At G.S.S.'s initial detention hearing, the People recommended that he remain detained pending psychological testing and a risk assessment evaluation. G.S.S.'s counsel, however, requested that G.S.S. be released from custody, arguing that an initial psychological report was not necessary to formulate a release plan. The trial court expressed that its "primary concern" was community safety, and it continued the detention hearing so that the parties could arrange psychological testing and a risk assessment evaluation. Accordingly, G.S.S. was held without bail, and he remained in custody.

3

¶6 Over the next three months, the trial court held numerous detention hearings. However, G.S.S. was not psychologically tested at any point throughout those three months, so a risk assessment evaluation was not created. As a result, both the defense and prosecution requested several continuances. The trial court granted the requests and continued to order that G.S.S. be detained pending evaluation and assessment. Thus, G.S.S. continued to be detained without bail.

¶7 More than three months after the initial detention hearing, the People requested a hearing "to determine and comply with" G.S.S.'s "speedy trial rights" under section 19-2-509(4)(b). Soon thereafter, G.S.S.'s counsel filed a motion to dismiss "for violation of the statutory right to a speedy trial" under section 19-2-509(4)(b), which directs that after the initial detention hearing, a juvenile who is denied bail or whose bail is revoked or increased "and who remains in custody or detention, must be tried on the charges [for which bail is denied, revoked, or increased] within sixty days after the entry of such order or within sixty days after the juvenile's entry of a plea, whichever date is earlier." Because G.S.S. had been detained for longer than sixty days, his counsel argued that his right to a speedy trial had been violated and thus that the case must be dismissed.

¶8 Following a hearing, the trial court agreed that G.S.S. had a right to a speedy trial under section 19-2-509(4)(b) and that this right had been violated. Further, it agreed that the remedy under section 19-2-509(4)(b) was dismissal with prejudice

4

under the adult speedy trial statute, section 18-1-405, C.R.S. (2019), which explicitly instructs that the remedy for violation of speedy trial rights is dismissal with prejudice. § 18-1-405(1). Thus, the trial court dismissed the case against G.S.S. with prejudice, and G.S.S. was released from detention.

¶9 The People appealed. A division of the court of appeals affirmed the trial court, holding that a failure to bring a juvenile to trial within sixty days after a no-bail order amounts to a violation of the juvenile's speedy trial rights and that no speedy trial exceptions applied. *G.S.S.*, ¶ 1. Judge Jones dissented, arguing both that the delays were attributable to G.S.S. and that he was unconvinced that the adult speedy trial remedy applied to section 19-2-509(4)(b). 2019 COA 4M, __ P.3d __, ¶ 37 (Jones, J., dissenting). We granted certiorari and now reverse.

## II. Analysis

¶10 We first identify the appropriate standard of review. Next, we discuss the statutory framework for juvenile speedy trial and bail rights, and we conclude that section 19-2-509(4)(b) is ambiguous with regard to the type of right it confers and, consequently, to the remedy for its violation. Last, we interpret section 19-2-509(4)(b) and conclude that it is a bail statute and not a speedy trial statute; thus, the remedy for a violation of section 19-2-509(4)(b) should correspond to a bail right and not a speedy trial right. We therefore hold that the remedy for a

5

violation of section 19-2-509(4)(b) is to immediately hold a bail hearing and order the juvenile's release.

## A. Standard of Review and Rules of Statutory Construction

¶11 Statutory interpretation is an issue of law, which we review de novo. *People v. Iannicelli*, 2019 CO 80, ¶ 19, 449 P.3d 387, 391. In interpreting a statute, our principal goal is to determine and give effect to the legislature's intent. *Id.* We begin this inquiry by looking to the statute's plain language, giving its words and phrases their plain and ordinary meanings. *Id.* In so doing, we read the legislative scheme as a whole and give consistent, harmonious, and sensible effect to all of its parts. *Id.* at ¶ 20, 449 P.3d at 391.

¶12 If the statute is unambiguous, we need not utilize any other tools of statutory construction. *Carrera v. People*, 2019 CO 83, ¶ 18, 449 P.3d 725, 729. If it is ambiguous, however, we may consider other interpretive tools to determine the legislature's intent. *Id.* A statute is ambiguous when it is reasonably susceptible to multiple interpretations. *Id.* "Perhaps the best guide to intent is the declaration of policy which frequently forms the initial part of an enactment." *City & Cty. of Denver Sch. Dist. No. 1 v. Denver Classroom Teachers Ass'n*, 2017 CO 30, ¶ 11, 407 P.3d 1220, 1223 (quoting *St. Luke's Hosp. v. Indus. Comm'n*, 349 P.2d 995, 997 (Colo. 1960)). We may also consider the object sought to be attained by the statute, laws on the same or similar subjects, and the consequences of a particular

construction. *See, e.g.*, § 2-4-203, C.R.S. (2019). In utilizing these tools, "[w]e avoid interpreting a statute in a way that would lead to an absurd result." *Martinez v. People*, 2020 CO 3, ¶ 20, 455 P.3d 752, 757.

## B.  Section 19-2-509(4)(b) Does Not State Whether It Protects a Juvenile's Right to Bail or a Speedy Trial and Does Not Contain a Remedy for Its Violation, Rendering It Ambiguous

¶13  In article 2 of the Children's Code, the General Assembly laid out the processes and procedures for juvenile proceedings, including with respect to bail and a speedy trial.

¶14  A juvenile's statutory right to bail is dictated by section 19-2-509, which is titled "Bail." Subsection (4)(b) concerns the conditions of bail and the procedure for any modification to bail. Its last sentence provides that a detained juvenile must be brought to trial within sixty days of a denial, revocation, or increase of bail. In full, subsection (4)(b) reads as follows:

> In setting, modifying, or continuing any bail bond, it must be a condition that the released juvenile appear at any place and upon any date to which the proceeding is transferred or continued. Further conditions of every bail bond must be that the released juvenile not commit any delinquent acts or harass, intimidate, or threaten any potential witnesses. The judge or magistrate may set any other conditions or limitations on the release of the juvenile as are reasonably necessary for the protection of the community. *Any juvenile who is held without bail or whose bail or bail bond is revoked or increased under an order entered at any time after the initial detention hearing pursuant to subsection (3) of this section and who remains in custody or detention, must be tried on the charges on which the bail is denied or the bail or bail bond is revoked or increased within sixty days after the*

7

*entry of such order or within sixty days after the juvenile's entry of a plea, whichever date is earlier; except that, if the juvenile requests a jury trial pursuant to section 19-2-107, the provisions of section 19-2-107(4) apply.*

§ 19-2-509(4)(b) (emphasis added).

¶15 Section 19-2-509(4)(b) does not explicitly state what type of right—bail or speedy trial—it protects, nor does it provide a remedy for its violation. The People argue it is a bail right with a hearing remedy, while G.S.S. argues it is a speedy trial right with a dismissal remedy. In making his argument, G.S.S. relies on section 19-2-108, C.R.S. (2019), which is article 2's predominant speedy trial statute.

¶16 Section 19-2-108(1) states that a juvenile's "right to a speedy trial shall be governed by [the adult speedy trial provision] . . . and rule 48(b) of the Colorado rules of criminal procedure." The adult speedy trial provision, section 18-1-405, instructs that a defendant must be brought to trial "within six months from the date of the entry of a plea of not guilty." § 18-1-405(1). If he is not, the charges against him must be dismissed with prejudice. *Id.*

¶17 As relevant to this case, section 19-2-108(2)(d) states that in "bringing an adjudicatory action against a juvenile . . . the court shall comply with the deadlines for . . . [h]olding the adjudicatory trial, as specified in section 19-2-708(1)," C.R.S. (2019). Section 19-2-708(1) dictates that the court "shall hold [an] adjudicatory trial within sixty days following the entry of a [juvenile's] plea of not guilty," unless the juvenile has requested a jury trial under section 19-2-107, C.R.S. (2019).

¶18 Taking these statutes together, there is at least one definite point in time when a juvenile's right to a speedy trial begins to run: when he enters a not-guilty plea. This much is undisputed. But G.S.S. argues that, although the juvenile speedy trial statute (section 19-2-108) does not reference the juvenile bail statute (section 19-2-509), the latter nonetheless introduces *another* point in time when a juvenile's right to a speedy trial begins to run: when the juvenile is denied bail (or has his bail revoked or increased). The success of this argument depends on whether section 19-2-509(4)(b) is a speedy trial statute or a bail statute.

¶19 By its plain language, section 19-2-509(4)(b) does not indicate whether it protects a juvenile's right to bail or a speedy trial, and it does not contain a remedy for its violation. Thus, we cannot determine from the plain language of the statute alone whether the legislature meant subsection (4)(b) to confer a right to a speedy trial—and have violations remedied through dismissal—or the right to bail—and have violations remedied through immediately holding a bail hearing and ordering the juvenile's release.

¶20 Because section 19-2-509(4)(b) could be reasonably interpreted either of these ways, it is ambiguous. Therefore, we must now turn to other aids of construction to determine and effectuate the legislature's intent.

## C. Section 19-2-509(4)(b) Is a Bail Statute, and the Remedy for Its Violation Is to Immediately Hold a Bail Hearing and Order the Juvenile's Release

¶21     We conclude that the legislature intended section 19-2-509(4)(b) to be a bail statute, with the accompanying remedy of immediately holding a bail hearing and ordering the juvenile's release. We reach this conclusion because (1) section 19-2-509 as a whole functions as a bail statute in both form and substance, (2) this reading aligns with the adult bail and speedy trial statutes, and (3) this reading best comports with the legislature's stated purpose for article 2 of the Children's Code.

¶22     First, we determine that section 19-2-509 as a whole functions as a bail statute in both form and substance. Most notably, section 19-2-509 is titled, "Bail"; while "not dispositive of legislative intent," "the heading of a statute . . . can aid in determining legislative intent," *Jefferson Cty. Bd. of Equalization v. Gerganoff*, 241 P.3d 932, 936 (Colo. 2010). Significantly, the entire statute heeds this title because it is exclusively about bail, laying out a juvenile's eligibility for bail; the types of bail available; the conditions for bail; a juvenile's parent, guardian, or legal custodian's role in the bail process; etc. *See* § 19-2-509. In other words, section 19-2-509 is wholly concerned with a juvenile's statutory right to bail.

¶23     G.S.S. nevertheless argues that while the first three sentences of section 19-2-509(4)(b) plainly concern bail (specifically, the contours of a trial court's

10

ability to set, modify, or continue bail and bail conditions), its last sentence — that a detained juvenile must be tried within sixty days of an order denying, revoking, or increasing bail — confers to juveniles an additional speedy trial right. We disagree. It makes little sense that the legislature would include a speedy trial right in one sentence of one subsection of a statute that otherwise functions entirely as a bail statute. Nor does it make sense that the legislature would introduce a speedy trial right with a separate timing mechanism in section 19-2-509(4)(b) when section 19-2-108 — the statute actually titled "Speedy trial-procedural schedule" — does not reference section 19-2-509(4)(b) or mention the possibility of the right to a speedy trial beginning to run upon bail denial, revocation, or increase. Rather, it makes the most sense that the legislature intended to confer to detained juveniles an entirely different right in the last sentence of section 19-2-509(4)(b): the right to be released from custody if they are not tried within sixty days of a court's denial of (or revocation or increase in) bail.

¶24     Second, we note that the juvenile bail and speedy trial statutes largely align with the adult bail and speedy trial statutes. Like article 2 of the Children's Code, the adult criminal code has separate statutes that address the rights to a speedy trial and bail. As in the juvenile speedy trial framework laid out in section 19-2-108, which depends on and incorporates the adult speedy trial statute, an adult's right to a speedy trial begins to run upon *the entry of a not-guilty plea.*

11

§ 18-1-405(1). It makes no mention of running upon bail denial, revocation, or increase. Furthermore, the provision of the juvenile bail statute at issue here, section 19-2-509(4)(b), mirrors a provision of the adult bail statute, section 16-4-101(4), C.R.S. (2019). That adult bail provision provides that the trial of an individual who is being detained without bail should commence within ninety-one days of the court's denial of bail. § 16-4-101(4). Unlike section 19-2-509(4)(b), however, the adult bail provision goes on to explicitly dictate the remedy for a violation of this direction, stating that "[i]f the trial is not commenced within ninety-one days and the delay is not attributable to the defense, the court shall immediately schedule a bail hearing and shall set the amount of the bail for the person." § 16-4-101(4).

¶25 Indeed, the juvenile speedy trial statute, section 19-2-108, relies so heavily on the adult speedy trial statute, section 18-1-405, that it would be illogical for the legislature to create a discrete speedy trial right for juveniles that is nowhere to be found in the corresponding adult scheme. Further, the similarities between section 19-2-509(4)(b) and the adult bail provision suggest that the legislature intended the two provisions to be analogous. Thus, it makes sense that the remedy for section 19-2-509(4)(b) should mirror that of its adult counterpart, section 16-4-101(4).

12

¶26     Last, the legislature's stated purpose for article 2 supports the conclusion that the legislature intended section 19-2-509(4)(b) to be a bail statute with a bail-related remedy. The article's legislative declaration emphasizes that the intent of article 2 is focused on both community/public safety and the juvenile's interests. The declaration states that the article is designed "to protect, restore, and improve the public safety by creating a system of juvenile justice that will appropriately sanction juveniles who violate the law" but that, while public safety is "paramount," "the juvenile justice system shall take into consideration the best interests of the juvenile, the victim, and the community in providing appropriate treatment to reduce the rate of recidivism in the juvenile justice system and to assist the juvenile in becoming a productive member of society." § 19-2-102(1), C.R.S. (2019). The declaration further states that "the public has the right to safe and secure homes and communities and that when a delinquent act occurs[,] such safety and security is compromised; and the result is harm to the victim, the community, and the juvenile offender." § 19-2-102(2). Consistent with these principles, the "underlying theme [to juvenile justice proceedings] is providing guidance and rehabilitation for a juvenile offender and protection for society." *People in the Interest of W.P.*, 2013 CO 11, ¶ 21, 295 P.3d 514, 521.

¶27     It would contravene this underlying theme to conclude that section 19-2-509(4)(b) is a speedy trial statute and that the remedy for its violation is

13

dismissal with prejudice. Dismissing a juvenile's charges with prejudice does not protect public safety, nor does it assist the juvenile in becoming a productive member of society. While the legislature has explicitly provided this remedy for some juvenile speedy trial violations, *see* § 19-2-108(1) (incorporating the adult speedy trial provision, which explicitly states that the remedy for speedy trial violations is dismissal with prejudice), extending this remedy beyond where it is plainly provided would undercut the legislative intent behind article 2. Thus, we are persuaded that had the legislature intended for such an extreme remedy to apply, it would have specifically stated that a violation of section 19-2-509(4)(b) should result in dismissal.

¶28 Accordingly, we conclude that the legislature intended section 19-2-509(4)(b) to be a bail statute, meaning that any remedy for violating a bail statute should address bail. We thus hold that, if a juvenile is detained for more than sixty days in violation of section 19-2-509(4)(b), the court should immediately hold a bail hearing and order the juvenile's release.[1]

---

[1] We recognize that release is not the remedy provided in the adult speedy trial statute, which applies only when a defendant is *denied* bail, and which requires the court to "immediately schedule a bail hearing" and to "set the amount of the bail for the person." § 16-4-101(4). But because the juvenile bail statute applies to juveniles whose bail has been denied, revoked, or increased, simply setting a bail amount alone would not suffice for juveniles whose bail was improperly increased in violation of section 19-2-509(4)(b).

### III. Application

¶29 In this case, G.S.S. never entered a not-guilty plea; thus, his right to a speedy trial never began to run and therefore was not violated. *See* §§ 18-1-405(1), 19-2-108(1). But G.S.S. was detained for roughly three months without bail and without being tried on the charges against him, which is a clear violation of section 19-2-509(4)(b). Yet because we conclude that the remedy for such a violation is to immediately hold a bail hearing and order the juvenile's release, the trial court here erred when it dismissed G.S.S.'s case with prejudice.

### IV. Conclusion

¶30 For the foregoing reasons, we reverse the judgment of the court of appeals and remand the case for reinstatement of the delinquency petition and for further proceedings consistent with this opinion.