The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
April 9, 2026

## 2026COA28

**No. 25CA0380, *St. George v. Office of the State Public Defender*
Government — Public Records — Criminal Justice Records Act
— Criminal Justice Agency; Office of the State Public Defender**

A division of the court of appeals concludes that the Office of the State Public Defender is not a "criminal justice agency" within the meaning of the Colorado Criminal Justice Records Act, §§ 24-72-301 to -309, C.R.S. 2025.

COLORADO COURT OF APPEALS **2026COA28**

Court of Appeals No. 25CA0380
Jefferson County District Court No. 23CV193
Honorable Todd L. Vriesman, Judge

Eric St. George,

Plaintiff-Appellee,

v.

Office of the State Public Defender,

Defendant-Appellant.

JUDGMENT REVERSED

Division I
Opinion by JUDGE LUM
J. Jones and Meirink, JJ., concur

Announced April 9, 2026

Killmer Lane, LLP, Thomas B. Kelley, Reid Allison, Madison Schaefer, Denver, Colorado, for Plaintiff-Appellee

Philip J. Weiser, Attorney General, Scott A. Schultz, Senior Assistant Attorney General, Sarah Quigley, Assistant Attorney General, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, the Office of the State Public Defender (OSPD),

appeals the district court's grant of statutory penalties to plaintiff,

Eric St. George, under the Colorado Criminal Justice Records Act

(CCJRA), §§ 24-72-301 to -309, C.R.S. 2025.  OSPD argues that

(1) the district court lacked personal jurisdiction over it due to

improper service of process; (2) it isn't subject to the CCJRA

because it isn't a "criminal justice agency"; (3) the records St.

George sought aren't "criminal justice records" within the meaning

of the CCJRA; and (4) the district court clearly erred, even if OSPD

is subject to the CCJRA, by concluding that OSPD improperly

denied St. George the records he sought.

¶ 2     We conclude that OSPD waived its personal jurisdiction

argument, but we reverse the district court's judgment because we

agree with OSPD that it isn't a criminal justice agency within the

meaning of the CCJRA.  Accordingly, we need not address OSPD's

remaining arguments.

I.     Framework: The CCJRA

¶ 3     The CCJRA governs the public's access to criminal justice

records.  *See Freedom Colo. Info., Inc. v. El Paso Cnty. Sheriff's

Dep't*, 196 P.3d 892, 899 (Colo. 2008).  As we discuss in greater

1

detail below, criminal justice records are made, maintained, or kept by a "criminal justice agency." § 24-72-302(4), C.R.S. 2025.

¶ 4 "Any person denied access to . . . a[] criminal justice record . . . may apply to the district court of the district wherein the record is found for an order directing the custodian of such record to show cause why said custodian should not permit the inspection of such record." § 24-72-305(7), C.R.S. 2025. If the court finds that the denial was improper, it must order the custodian to permit inspection of the record. *Id.* And if the district court finds that the denial was arbitrary or capricious, it may order the custodian to pay the applicant's reasonable costs and attorney fees. *Id.* In addition, the court may order the custodian to pay the applicant a penalty of up to twenty-five dollars for each day that record access was improperly denied. *Id.*

II.    Factual Background and Procedural History

¶ 5 On March 7, April 7, and May 8, 2023, St. George sent letters to OSPD, each requesting that OSPD produce "the office's official policy under which the employees of th[at] office deny discovery files to those they represent who[] are held in [Jefferson County] pre-trial detention [jail]" (the discovery policy). On May 20, 2023, St. George

received a response from Mitch Ahnstedt, an OSPD employee at the Golden regional office. Ahnstedt explained that he was unable to determine which documents St. George had requested. St. George sent a letter providing clarification but received no further response.[1]

¶ 6   St. George then filed an application with the district court for an order to show cause why OSPD should not permit him to access the discovery policy under the CCJRA. The application also requested statutory penalties for improper denial of the record. The district court entered the order to show cause and ordered OSPD to appear at a hearing scheduled for April 11, 2024. OSPD didn't appear at the April 11 hearing. After hearing testimony from a process server, the district court concluded that OSPD had been properly served and ordered it to produce the discovery policy. OSPD subsequently failed to meet the production deadline set by the court and did not respond to motions filed by St. George.

¶ 7   On August 28, 2024, OSPD filed a response to the court's original show cause order. OSPD explained that it had no "record

_____

[1] The facts in this paragraph are taken from St. George's application.

of service and/or refusal of service, nor receipt of [St. George's] application" and stated that it had only become aware of the litigation proceedings on August 8. OSPD's response included a typed excerpt of its discovery policy, prohibiting employees from providing copies of discovery to in-custody clients under any circumstances. OSPD further requested that the court discharge the order to show cause and vacate a second hearing that had been set for September 12.

¶ 8 The court denied OSPD's request, and the hearing went ahead as scheduled. At the hearing, OSPD argued that the CCJRA doesn't apply to it because it isn't a "criminal justice agency," but counsel also read the discovery policy into the record "as a courtesy." The day after the hearing, OSPD also filed a document in which it reproduced the entire text of the discovery policy.

¶ 9 After additional briefing, the district court entered a written order concluding that OSPD is a criminal justice agency and that the discovery policy is a criminal justice record. The court also found that OSPD's letter to St. George denying "the existence or understanding" of the requested documents was "not proper" and noted, "At no time during this proceeding has [OSPD] contradicted

4

with particularity the fact allegations contained in the [a]pplication . . . , for example, receipt of [St. George's] letters to [OSPD] prior to suit." Based on its findings, the court concluded that OSPD's failure to provide the discovery policy was arbitrary and capricious. Accordingly, the court awarded St. George statutory penalties in the amount of twenty-five dollars per day, extending from March 17, 2023 (ten days after St. George sent his first letter), until September 13, 2024 (when OSPD filed the text of the discovery policy with the court) (the penalties order). The penalties totaled $13,650.

¶ 10 OSPD appeals.

## III. Personal Jurisdiction

¶ 11 OSPD first contends that the district court lacked personal jurisdiction over it because it wasn't properly served with St. George's application for the order to show cause. We conclude that OSPD waived this issue.

## A. Applicable Law

¶ 12 In general, a judgment is void if the court lacked personal jurisdiction over the defendant due to invalid service of process. *Burton v. Colo. Access*, 2018 CO 11, ¶ 35. However, a party may waive a challenge to personal jurisdiction, and such waiver may be

5

implied. *Garcia v. Puerto Vallarta Sports Bar, LLC*, 2022 COA 17, ¶ 26. A defendant waives a personal jurisdiction defense by failing to assert it in the first responsive pleading. *Id.* And even if a defendant initially asserts a lack of personal jurisdiction, "the active defense of a case will subject a defendant to the personal jurisdiction of the court where that defense is maintained." *Giduck v. Niblett*, 2014 COA 86, ¶ 27.

## B. Analysis

¶ 13 OSPD's first filing in the case was its August 28 response to the order to show cause. In that response, OSPD said only that it had no "record of service and/or refusal of service, nor receipt of [St. George's] application." OSPD didn't ask the court to dismiss the case or for any other relief related to the purportedly defective service; it simply requested that the district court vacate the show cause hearing because it had reproduced the text of the discovery policy in its response.

¶ 14 Even if this were sufficient to initially assert a personal jurisdiction defense, OSPD waived its argument by then defending the case on the merits without reasserting the issue or asking for any relief related to it. *See Yeldell v. Tutt*, 913 F.2d 533, 539 (8th

Cir. 1990) (concluding that, although the defendants raised a personal jurisdiction defense in their answer, they waived it by proceeding with the litigation without reasserting the issue), *cited with approval in Giduck*, ¶ 27. And while OSPD raised personal jurisdiction in a motion requesting that the court reconsider the penalties order under C.R.C.P. 60(b), arguments made for the first time in post-trial motions are too late and are deemed waived for purposes of appeal. *See Briargate at Seventeenth Ave. Owners Ass'n v. Nelson*, 2021 COA 78M, ¶ 66.

## IV. "Criminal Justice Agency"

¶ 15 OSPD contends that the district court erred by concluding that it is a "criminal justice agency" within the meaning of the CCJRA. We agree.

### A. Standard of Review and Applicable Law

¶ 16 We review a district court's statutory interpretation de novo. *Cisneros v. Elder*, 2022 CO 13M, ¶ 21. We construe statutes to give effect to the legislature's intent. *Allman v. People*, 2019 CO 78, ¶ 12. In doing so, we look first to the statute's text, giving words and phrases their plain and ordinary meanings. *Id.* at ¶ 13. And we consider "the statute as a whole, construing each provision

7

consistently and in harmony with the overall statutory design." *Id.* (quoting *Whitaker v. People*, 48 P.3d 555, 558 (Colo. 2002)). In addition, we "avoid interpretations that would render any words or phrases superfluous." *People v. Rodriguez-Morelos*, 2025 CO 2, ¶ 8.

¶ 17    When the statutory language is clear, we apply it as written and look no further. *Coffman v. Williamson*, 2015 CO 35, ¶ 23. However, when a statute is ambiguous, we turn to other tools of statutory construction, including legislative history. *Id.*; *see* § 2-4-203(1), C.R.S. 2025. A statute is ambiguous when it is "reasonably susceptible to multiple interpretations." *Coffman*, ¶ 23 (quoting *Williams v. Kunau*, 147 P.3d 33, 36 (Colo. 2006)).

### B.    Analysis

¶ 18    Under the CCJRA, a criminal justice agency is

> any court with criminal jurisdiction and any agency of the state . . . that performs any activity directly relating to the detection or investigation of crime; the apprehension, pretrial release, posttrial release, prosecution, correctional supervision, rehabilitation, evaluation, or treatment of accused persons or criminal offenders; or criminal identification activities or the collection, storage, or dissemination of arrest and criminal records information.

§ 24-72-302(3).

8

¶ 19    The parties agree, as do we, that OSPD is an "agency of the state." *Id.* The question is whether any of OSPD's activities "directly relat[e] to" the enumerated activities in the definition of criminal justice agency. *Id.* The parties argue that the plain language of the statutory definition unambiguously supports their respective interpretations. The mere fact that parties offer differing possible interpretations of statutory language does not alone establish ambiguity. *People v. Scott*, 2019 COA 174, ¶ 16. But because both parties' interpretations are reasonable, we conclude that the definition is ambiguous. *See Coffman*, ¶ 23.

¶ 20    St. George argues that OSPD performs an activity "directly relating to the detection or investigation of crime" because it investigates the crimes that its clients are accused of committing as part of its duty to defend its clients against the charges. § 24-72-302(3). And St. George contends that OSPD collects and stores "arrest and criminal records information" because, while providing a defense, OSPD receives such information from the

prosecution and other law enforcement agencies.[2]  *Id.*  Given the broad language of the definition, St. George's literal interpretation is a reasonable one.

¶ 21    OSPD's interpretation, while less literal, is also reasonable because it accounts for the common understandings of the enumerated activities.  And we agree with OSPD that, when the enumerated activities are read together, the common understanding of the focus of such activities is the prosecution of crime and the punishment and rehabilitation of defendants.  First, as OSPD points out, the definition includes activities directly relating to "prosecution" of criminal offenders, but not to their "defense."  *Id.*  Second, the plain and ordinary meaning of the phrase "detection or investigation of crime" conjures images of police or police-like officials conducting typical police functions to determine whether a

---

[2] The district court's ruling rested on a different rationale.  The court ruled that OSPD is a criminal justice agency because it performs activities "directly relating" to "pretrial release, posttrial release," and "prosecution" of criminal offenders — namely, it provides a defense to its clients in those circumstances. § 24-72-302(3), C.R.S. 2025.  St. George doesn't defend the district court's ruling on these grounds.  For purposes of this opinion, we assume (without deciding) that the district court's interpretation is also reasonable.

10

crime has been committed and, if so, to refer the crime to the district attorney for prosecution. *Id.*; *cf. Ma v. People*, 121 P.3d 205, 210-11 (Colo. 2005) (Although a broad reading of the phrase "law enforcement" means "the enforcement of both civil and criminal laws," the common understanding (and appropriate interpretation) is "the enforcement of criminal laws by the police or other police-like agencies."); *Gazette v. Bourgerie*, 2024 CO 78, ¶ 37 (holding that the Peace Officer Standards and Training (POST) Board is a "criminal justice agency" under section 24-72-302(3) because one of its functions is to conduct criminal investigations into officers and applicants suspected of committing criminal offenses, even though "*prosecutions arising* out of POST referrals may occur infrequently" (emphasis added)).

¶ 22    Further, OSPD's interpretation is supported by other CCJRA provisions. *See Allman*, ¶ 13 (we must construe statutory provisions in harmony with the overall statutory scheme). Section 24-72-304, C.R.S. 2025, pertains to the inspection of criminal justice records. It provides that custodians must delete the names and identifying information of certain child victims and child witnesses from criminal justice records before releasing the records

to "any individual or agency other than a criminal justice agency, *the office of the state public defender*," or other designated recipients. § 24-72-304(4.5)(a)(I) (emphasis added). If OSPD is a criminal justice agency, separately naming it serves no purpose. *See Wolford v. Pinnacol Assurance*, 107 P.3d 947, 951 (Colo. 2005) ("[W]e must interpret a statute to give effect to all its parts and avoid interpretations that render statutory provisions redundant or superfluous."); *Rodriguez-Morelos*, ¶ 8.

¶ 23    Because both interpretations are reasonable, we look beyond the plain language of the statute to uncover the legislative intent. *See Coffman*, ¶ 23. And we need not look far. The statutory history of the definition — meaning the evolution of the definition as amended over time, *Colo. Oil & Gas Conservation Comm'n v. Martinez*, 2019 CO 3, ¶ 30 n.2 — reveals a clear intent.

¶ 24    The CCJRA previously defined "[c]riminal justice agency" as

> any court with criminal jurisdiction and any agency of the state . . . which performs any activity directly relating to the detection or investigation of crime; the apprehension, pretrial release, post trial release, prosecution, *defense*, correctional supervision, rehabilitation, evaluation, or treatment of accused persons or criminal offenders; or criminal identification activities or the

12

> collection, storage, or dissemination of
> criminal justice information.

§ 24-72-302(3), C.R.S. 1980 (emphasis added). However, in 1981, the legislature amended the definition to remove the word "defense." Ch. 311, sec. 1, § 24-72-302(3), 1981 Colo. Sess. Laws 1238. And in doing so, it didn't remove the word "prosecution" or make any other changes to the list of enumerated activities.[3] *See id.* This revision clearly evinces an intent to exclude agencies — like OSPD — whose function is to defend criminal defendants.[4]

¶ 25 For these reasons, we conclude that the district court erred by ruling that OSPD is a criminal justice agency under the CCJRA and imposing statutory penalties. We therefore reverse the portion of

---

[3] The legislature made other minor changes that aren't relevant to our analysis.

[4] Some opinions from the Colorado Supreme Court and divisions of this court suggest that statutory history (the evolution of a statute as it is amended over time) may be used to aid interpretation even if the statute is unambiguous, *see, e.g.*, *Colo. Oil & Gas Conservation Comm'n v. Martinez*, 2019 CO 3, ¶ 30 n.2 (collecting cases); *People v. Lockett*, 2025 COA 1, ¶ 20, while some suggest otherwise, *see, e.g.*, *Carrera v. People*, 2019 CO 83, ¶ 18; *People v. Dominguez*, 2021 COA 76, ¶ 14. *But see* § 2-4-203(1)(d), C.R.S. 2025 (We "may consider . . . former statutory provisions" only "[i]f a statute is ambiguous."). Because we conclude the statute is ambiguous, we need not address this apparent inconsistency.

the judgment pertaining to OSPD.[5]  Because of our disposition, we need not address the remainder of OSPD's contentions.

## V.    Disposition

¶ 26    The judgment is reversed.

JUDGE J. JONES and JUDGE MEIRINK concur.

---

[5] In the district court, St. George sued other defendants who aren't parties to this appeal.  The portions of the judgment pertaining to those defendants remain undisturbed.